

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 21, 1952

Hon. R. L. Whitehead                    Opinion No. V-1411
Criminal District Attorney
Longview, Texas                         Re: Allowing a person to
                                            make bond following
Attention: Hon. Paul Painter                arrest for a violation
           Assistant                        of probation under the
                                            Adult Probation and
                                            Parole Law pending
Dear Sir:                                   final decision.

          We quote from your letter asking for an opin-
ion of this office as follows:

          "We would like to know if a person who
     has been found guilty of a felony and given
     a probated sentence is entitled to bond, at
     any time after he has been arrested under
     the provisions of Sec. 5, Art. 781B, C.C.P.,
     (Adult Probation and Parole Law) for viola-
     tion of the terms of his probation. More
     specifically, would a person convicted of
     a felony, probated under the Adult Probation
     and Parole Law, arrested as provided by said
     law, for violating the terms of said proba-
     tion, and evidence produced for the revoca-
     tion of said probation, be entitled to bond
     when and while the Court took the matter un-
     der advisement before rendering his decision?"

          The Adult Probation and Parole Law, Article
781b, Vernon's Code of Criminal Procedure, is intended
to supplement the existing procedures and facilities
for punishment and rehabilitation of persons convicted
of crime. It makes provision for persons convicted of
certain offenses to be released on probation by the Court,
under proper supervision and under conditions prescribed
by the Court. The conditions of the probation are within
the discretion of the Court.

          We quote from Article 781b as follows:

"Section 1.  The courts of the State of Texas having original jurisdiction of criminal actions, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby, shall have the power, after conviction or a plea of guilty for any crime or offense except murder, rape, and offenses against morals, decency, and chastity where the maximum punishment assessed the defendant does not exceed ten (10) years imprisonment, and where the defendant has not been previously convicted of a felony, to suspend the imposition or the execution of sentence and may place the defendant on probation for the maximum period of the sentence imposed or if no sentence has been imposed for the maximum period for which the defendant might have been sentenced, or impose a fine applicable to the offense committed and also place the defendant on probation as hereinafter provided. Any such person placed on probation shall be under the supervision of such court and a probation and parole officer serving such court as hereinafter provided.

"Sec. 3.  Such court shall determine the terms and conditions of probation and may at any time during the period of probation alter or modify the conditions . . .

"Sec. 4.  The period of probation shall be determined by such courts and may at any time be modified or terminated by such courts. . . .

"Sec. 5.  At any time during the period of probation such courts may issue a warrant for violation of any of the conditions of the probation and cause the defendant to be arrested. Any probation and parole officer, police officer or other officer with power of arrest may arrest such defendant without a warrant upon the request of the judge of such courts.  A probationer so arrested may be detained in the county jail or other appropriate place of detention until he can be taken before the court.

253

Such probation and parole officer shall forth-
with report such arrest and detention to such
courts and submit in writing a report showing
in what manner the probationer has violated his
probation.  Thereupon, the court shall cause
the defendant to be brought before it and, after
a hearing without a jury, <u>may</u> continue or revoke
the probation and shall in such case proceed to
deal with the case as if there had been no pro-
bation.  . . . When he is notified that his pro-
bation is revoked for violation of the condi-
tions of probation and he is called on to serve
a jail or penitentiary sentence he may appeal
the revocation."  (Emphasis supplied.)

In <u>Wilson v. State</u>, 240 S.W.2d 774 (Tex. Crim.
1951), a case involving the right of a convict to a jury
in a hearing on revocation of probation, the Court stated:

"When a court extends clemency under the
statute, the relationship existing is, in a
way, contractual -- that is, the court agrees
with the convict that clemency by way of pro-
bation will be extended if he will keep and
perform certain requirements and conditions,
the violation of which will authorize the
revocation of the probation.  In this partic-
ular, there exists the similarity existing
in conditional pardons.

"The convict surrenders no right, privi-
lege, or consideration for the clemency ex-
tended.  In accepting the clemency, he does
so under the conditions upon which it is ex-
tended.  Obviously, therefore, the proceeding
to revoke probation is not a trial, as that
term is used and contemplated by the Constitu-
tion in reference to criminal cases, and is not
a proceeding required to be conducted as such
a trial."

Based upon the holding of the Court in the above
case, it is our opinion that until the time of an actual
revocation of probation by the Court the disposition of
the probationer is entirely within the Court's sound dis-
cretion.  We agree with you that the probationer has no
absolute right to a bond, but the Court may under its au-
thority to provide the terms and conditions of the person's
release authorize a bond if it so desires.

## SUMMARY

Persons arrested for violation of probations under Article 781b, V.C.C.P., do not have the right to make bond pending determination by the Court as to a revocation of the probation, but the Court may, in its discretion, permit the probationer to make bond.

APPROVED:

E. Jacobson
Reviewing Assistant


Charles D. Mathews
First Assistant


NMc:jmc

Yours very truly,

PRICE DANIEL
Attorney General

By

Ned McDaniel
Assistant