## OLLIE CHESTER WILSON V. STATE

No. 25332. June 13, 1951.

Hon. Jack Roberts, Judge Presiding.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Upon his plea of guilty before the court, appellant was, on September 27, 1950, convicted in the district court of Travis County for automobile theft, with punishment assessed at five years in the penitentiary.

Imposition of sentence was by the trial court suspended, and appellant was placed upon probation for a period of five years, under the authority of the Adult Probation and Parole Law, appearing as Art. 781b, Vernon's C. C. P.

The probation was, among other things, contingent upon appellant's not commiting any offense against the laws of this state.

Thereafter, on January 17, 1951, the district attorney of Travis County filed in said court a motion seeking to have the probation revoked because of a violation of the above mentioned contingency—in that appellant had unlawfully carried a pistol upon his person.

The motion for revocation came on to be heard on February 6, 1951, when the trial court revoked the probation and imposition of sentence, upon a finding that appellant had vio-

lated the probation in the particular mentioned, and thereupon proceeded to pass sentence upon appellant for a term of two years from January 25, 1951.

To this action of the court appellant excepted and gave notice of appeal to this court.

The right to appeal from the conviction, as well as the revocation of probation, is expressly allowed by Sec. 5 of Art. 781b, Vernon's C. C. P. See Baker v. State, 151 Tex. Cr. R. 454, 209 S. W. 2d 769.

Appellant contends (a) that he was entitled to a jury trial upon the hearing of the motion to revoke the probation, and that the trial court erred in refusing to accord him such a trial, and (b) that the statute is invalid in authorizing a revocation of probation at a hearing without a trial by jury.

The Adult Probation and Parole Law (Art. 781b, Vernon's C. C. P.), passed by virtue of constitutional authority (Art. 4, Sec. 11A, Vernon's Ann. St. Const.), authorizes the courts therein mentioned to extend clemency to convicts by way of probation, under such circumstances and conditions as the court shall determine.

No authority exists in the convict to require such clemency, for that is a matter exclusively within the discretion of the court. Ex Parte Baker, supra.

When a court extends clemency under the statute, the relationship existing is, in a way, contractual—that is, the court agrees with the convict that clemency by way of probation will be extended if he will keep and perform certain requirements and conditions, the violation of which will authorize the revocation of the probation. In this particular, there exists the similarity existing in conditional pardons.

The convict surrenders no right, privilege, or consideration for the clemency extended. In accepting the clemency, he does so under the conditions upon which it is extended. Obviously, therefore, the proceeding to revoke probation is not a trial, as that term is used and contemplated by the Constitution in reference to criminal cases, and is not a proceeding required to be conducted as such a trial.

Appellant was not, therefore, entitled to a jury trial upon

the issue as to whether he had violated the terms of probation or whether the probation should be revoked.

Whether the Adult Probation and Parole Law has been properly implemented by the appointment of supervisors and parole officers, as provided in the act, is a matter about which appellant cannot be heard to complain. The clemency by way of probation extended to him was by the court and not through the Board of Pardons and Paroles.

As heretofore noted, the punishment imposed by the trial court in the judgment was five years' confinement in the penitentiary. The imposition of sentence upon that judgment was suspended. When the trial court came on to revoke such suspension and impose sentence, appellant was sentenced to two years in the penitentiary.

The variance in the punishment assessed in the judgment and that imposed by the sentence is apparent.

In such cases, authority lies in this court to reform the sentence to conform to the judgment. McKinley v. State, 117 Tex. Cr. R. 243, 35 S. W. 2d 148.

Accordingly the sentence is now here reformed so as to fix appellant's punishment at not less than two nor more than five years' confinement in the penitentiary.

As so reformed, and finding no reversible error in the case, the judgment is affirmed.

Opinion approved by the court.