EARL JONES V. STATE.

No. 26,165. January 28, 1953.
Appellant's Motion for Rehearing Denied
March 18, 1953.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) April 8, 1953.
Appellant's Application for Permission to File
Third Motion for Rehearing Denied May 13, 1953.
Writ of Certiorari Denied by Supreme Court of
the United States October 12, 1953.

E. B. Lewis, Center, and John W. Carlisle, Houston, for appellant.

George P. Blackburn, State's Attorney, Austin, for the state.

MORRISON, Judge.

Appellant was convicted of the offense of cattle theft, his punishment assessed at six years; and the execution of the sentence was probated in accordance with the terms of Article 781b, C. C. P.

This is an appeal from an order revoking such probation.

The only serious question presented is the power of the court to revoke probation during vacation. This is a question of first impression.

Section 4 of the act provides, in part, as follows:

"The period of probation shall be determined by such courts and may *at any time* be modified or terminated by such courts."

Section 5 contains the following:

"*At any time* during the period of probation such courts may issue a warrant for violation of any of the conditions of the probation and cause the defendant to be arrested. . . . A probationer so arrested may be detained in the county jail . . . until he can be taken before the court. . . . The court shall cause the defendant to be brought before it and after a hearing without a jury may continue or revoke the probation. . . ."

Subdivision (a) of Section 36 defines "courts" as follows:

"The 'courts' means the court of record having original criminal jurisdiction."

We must here determine if the above constitutes statutory authority authorizing the court to act in vacation.

As we construe the act, it was the intent of the legislature to authorize the sentencing judge to enter into a contract with the accused and to give him the right *at any time* upon a hear-

ing to determine whether the accused has or has not breached the clemency contract. The act further gives to one whose probation is terminated the right to appeal to this court and have us determine if the trial court abused his discretion in revoking the probation.

Since the statute is silent on the question, except as above shown, we look to the rights of a probationer. He is not entitled to a trial by a jury on the question of revocation. Therefore, what is to be gained by requiring that the hearing be held in term time? He is not entitled to bail as a matter of right prior to the hearing and may be confined until such time as he is carried before the court for hearing on revocation. Suppose the state files a motion to revoke probation on the last day of the term of court. Must the probationer remain in jail until the next term before the judge may hear the motion? If the judge refuses to revoke the probation, then the probationer has been confined to his detriment. If the judge does revoke the probation, the right of appeal from the revocation, with the accompanying right to bail, is available. But if the hearing on revocation is delayed until a term of court opens, he may lose credit for the time spent in jail.

We believe that it was the purpose of the act to give the probationer a speedy hearing on the question of revocation, and, so believing, we hold that such a hearing may be held in term time or in vacation. We further observe that the proceedings at the hearing on revocation need not be formal, and the review of the hearing by this court is limited to a determination of the question of whether or not the trial judge abused his discretion in revoking the probation.

The remaining contentions shall be briefly mentioned.

Appellant complains of the introduction into evidence before the court of the entire judgment setting forth all conditions of probation, because a breach of only one was alleged in the state's motion. The proof supported the allegation in the motion, and we see no possible injury to appellant by the procedure employed.

Appellant complains that he was not served with a copy of the state's motion in advance of the hearing. We recently discussed this question in McDaniel v. State, No. 26,133. (158 Tex. Cr. Rep. 301.) There, we said:

"Appellant would have us read into the terms of Section 5 of Article 781b, C. C. P. (The Adult Probation and Parole Law), the two days required by Article 515, C. C. P., which provides for services of copy of indictment before trial. This, we are not at liberty to do. Section 5, supra, contains the entire legislative mandate on the question of procedure in revoking a probation. We find therein no mention of time allowed the probationer to prepare to defend against an effort to revoke his probation.

"We certainly think it would be better practice on the part of the trial court to give some advance notice to a probationer as to the particulars in which it is alleged he violated his probation, even though the statute does not require such notice.

"In the case before us, however, appellant makes no showing that he was deprived of any defense which he might have interposed had he been given the notice. In other words, he does not show this Court that he was deprived of any right given him by the statute, nor that he was in fact injured by the action of the court and, therefore, has presented no reversible error."

Such holding disposes of the question here raised.

Appellant next contends that, since the allegation in the motion was that probationer had violated a law, he was entitled to a jury trial on that issue. To so hold would be directly contrary to what we said in Ex parte Gomez, 241 S. W. 2d 153. We remain convinced that we properly disposed of the question there and overrule appellant's contention in the case at bar.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant urges that he was deprived of his constitutional rights because he was not given reasonable notice of the grounds of, and opportunity to prepare an adequate defense to, the state's motion for revocation of probation.

The record shows that the state offered in evidence the state's motion filed June 6, 1952, seeking revocation of appellant's probation. Also the warrant of arrest issued on the same

day and the return showing the arrest of appellant on August 28, 1952.

Prior to the introduction of this testimony appellant moved to dismiss the proceeding "based upon the written motion of the District Attorney" upon the ground that the motion did not allege that appellant had violated any law or other ground upon which the probation should be revoked. This motion was properly overruled.

No objection appears to have been offered to the introduction of the state's motion to revoke probation, the warrant and return thereon, or the judgment and sentence upon the conviction for cattle theft. The only objection offered to the order granting probation was that referred to in our original opinion.

And it was not until the witness Stanley was being interrogated that appellant "objected to any other testimony until such time as the defendant and his counsel will be ready to read and properly present the reply to the application."

We do not view the exception to the overruling of such objection as one relating to the admission or exclusion of evidence which may be reserved in the Q & A statement of facts, but rather a complaint on the part of appellant of his failure to obtain a postponement or delay of the proceeding.

In the absence of a bill of exception presenting the question of the court's failure to grant such delay appellant waived the question and it is not presented for our review. Appellant was represented by counsel at the hearing and the record does not disclose when he was employed. Nor is it shown that counsel was prevented from inspecting the motion filed June 6th, or that he did not know the particulars of the state's pleading. These are matters which should be shown by bill of exception.

We remain convinced that the appeal was properly disposed of on original submission.

Appellant's motion for rehearing is overruled.