JIMMY W. DUNN v. STATE.

No. 26,800. February 3, 1954.
Appellant's Motion for Rehearing Denied (Without Written Opinion) March 17, 1954.

*Joel W. Westbrook* and *John A. Daniels,* San Antonio, for appellant.

*Austin F. Anderson,* Criminal District Attorney, *Richard J. Woods,* Assistant Criminal District Attorney, San Antonio, and *Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

On January 27, 1950, judgment was rendered in Cause No. 51294 in the criminal district court of Bexar County upon the plea of guilty by appellant, Jimmy W. Dunn, to the offense of assault with intent to rob, and the punishment of 4 years in the penitentiary was assessed.

Imposition of the sentence was suspended and appellant Dunn was placed on probation, one condition being that he not violate the penal laws of the State of Texas.

Thereafter a motion to revoke the probation was filed by the district attorney, alleging that appellant on or about March 28, 1953, made an assault upon one Richard Hodnett and took from him a set of golf clubs and a check, each of the value of $50. This motion was thereafter amended so as to charge the

offense of robbery by assault. Hearing upon the motion was set for August 22, 1953, and a bench warrant was issued for appellant.

At the conclusion of the hearing an order was entered revoking the probation and on September 3, 1953, sentence was pronounced in accordance with the judgment of January 27, 1950. Appellant then gave notice of appeal.

The record contains a statement of facts on the revocation of probation hearing only.

Bill of Exception No. 1 certifies that appellant was indicted for the robbery of Richard Hodnett and that the case was, on or about August 4, 1953, set for trial for August 24, 1953, and when the revocation of probation matter was called on August 22, 1953, appellant filed a motion and plea seeking to abate the hearing until the robbery case was tried or disposed of.

This bill and the qualification thereto show that on September 1, 1953, the state filed a motion to dismiss the robbery charge and that on September 3, 1953, an order of dismissal was entered.

Art. 781b, Sec. 5, C.C.P. specifically provides that the hearing on the question of the revocation shall be without a jury. We held in Ex parte Gomez, 241 S.W. 2d 153, and in Jones v. State, (page 24, this volume), 261 S.W. 2d 317, that the probationer was not entitled to a jury trial though the condition of the probation alleged to have been violated be that he would not violate a penal law.

Also we held in Wilson v. State, 156 Tex. Cr. Rep. 228, 240 S.W. 2d 774, that a proceeding to revoke probation is not a criminal trial.

And it is well settled by the decisions of this court that the prceedings in a revocation of probation hearing need not be formal; may be held in vacation, and that on appeal the review will be limited to a determination of whether or not the trial judge abused his discretion in revoking the probation. Jones v. State, (page 24, this volume), 261 S.W. 2d 317; Bills v. State, 258 S.W. 2d 804.

We find no abuse of discretion by the trial judge in refusing

to continue the revocation of probation matter until the indictment for robbery was disposed of.

In Bills Nos. 2 and 3 it is contended that the state's evidence as to the commission of the criminal offense alleged in their motion for revocation of probation consisted entirely of the uncorroborated testimony of an accomplice, and was therefore insufficient as a matter of law to support revocation of probation based upon the violation of a penal law.

In the light of the holding above referred to, we express the conclusion that the statute, Art. 718 C.C.P., providing that "a conviction cannot be had upon the testimony of an accomplice unless corroborated" has no application to proof of the violation of a penal statute upon a revocation of probation hearing. The result of such a hearing is not "a conviction," but a finding upon which the trial judge may exercise his discretion by revoking or continuing the probation. Such being our view, it is unnecessary that we pass upon whether the state's witness was an accomplice as a matter of law and, if so, whether he could be corroborated by testimony of another accomplice who testified as a defense witness.

The remaining contention is that the judgment entered January 27, 1950, is void for the reason that on the same day judgment was entered in another felony case against appellant and he was also granted probation in that cause.

We agree that the Adult Probation and Parole Law was never intended by the legislature to authorize probation in two cases against the same accused. In Section 1 of the Act, wherein the power of probation is granted the courts, we find the phrase "and where the defendant has not been previously convicted of a felony."

Appellant relies upon Weatherford v. State, 73 Tex. Cr. Rep. 440, 166 S. W. 149, Hill v. State, 92 Tex. Cr. Rep. 312, 243 S.W. 982, and Cooper v. State, 155 Tex. Cr. Rep. 28, 230 S.W. 2d 818, wherein this court had under consideration the suspended sentence law, and the question of whether a defendant might receive more than one suspension of sentence was discussed.

Having been granted clemency in the form of probation of his sentence and having accepted the benefit of such clemency, appellant is in no position to now assert that the judgment

granting such clemency became void when he was found guilty of another felony and the sentence was not then imposed in both cases.

Nor do we agree that the record shows that the judgment granting probation in the first instance became void upon entry of the second judgment.

Unlike the suspended sentence statutes, there is no provision in the Adult Probation and Parole Law (Art. 781b V.A.C.C.P.) which makes it mandatory that upon a subsequent conviction for a felony the probation shall be revoked. On the other hand, the revocation of probation is in the discretion of the court, though it be shown that the conditions of the probation are violated.

The distinction pointed out would alone made unapplicable the decisions involving the suspended sentence law cited by appellant.

The judgment is affirmed.