## EX PARTE ELISEO LONGORIA

No. 27,422. March 2, 1955.

*Dean Patton,* Beeville, for appellant.

*John H. Miller,* District Attorney, Sinton, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

This is a habeas corpus proceeding.

Appellant, relator in the trial court, on November 23, 1954, made his application to Hon. W. G. Gayle, Judge of the 36th Judicial District, alleging that he was illegally restrained of his liberty by Louie Duffy, the sheriff of Bee County, in the county jail at Beeville. The application was granted, hearing was had, and appellant was remanded to custody on the same day. He appeals from this order, and complains (1) that his confession to the offense of burglary should not have been admitted at the hearing, and (2) that he should have been discharged from custody.

The record shows that appellant was, on December 1, 1953, convicted of robbery and was placed on probation for a term of five years, one condition being that he not violate the penal laws of this state.

The record further shows that prior to the filing of the application for habeas corpus, a motion had been filed by the district attorney for revocation of the probation, which was supported by affidavit of J. L. Duffy to the effect that appellant burglarized a certain house on or about November 5, 1954, and thereby violated a condition of his probation; that the motion was presented to Judge Gayle on November 16, 1954; that a hearing was set for November 22, 1954, and the clerk was directed by Judge Gayle to issue an alias capias for the re-arrest of appellant.

This capias was issued and the sheriff made his return on November 17, 1954, showing that he executed it that day by arresting appellant and placing him in jail.

The transcript shows an order signed December 3, 1954, which recites that, on November 22, 1954, hearing was had upon the state's motion to revoke the probation and that the motion was granted. Also it is shown that on December 3, 1954, appellant was finally sentenced to serve the five-year term originally probated.

No notice of appeal appears to have been given when the probation was revoked and sentence pronounced.

As we understand appellant's complaint it is that he was arrested on November 5, 1954, and held in jail with no charge filed from that date to November 16, 1954. Assuming that such restraint was unlawful, the illegality ceased when the district judge ordered appellant's arrest and set a hearing on the state's motion to revoke his probation. Art. 781b, Sec. 5, V.A.C.C.P.

At the time the application for habeas corpus was presented and heard, appellant was lawfully restrained under orders of the district judge pursuant to Art. 781b, Sec. 5, V.A.C.C.P. See Jones v. State, 159 Texas Cr. Rep. 24, 261 S.W. 2d 317. His request that he be discharged from such restraint was therefore properly denied.

We are in no position to pass upon appellant's contention that the confession was not admissible or available to the state as a basis for revocation of the probation previously granted to him. The complaint here is that it should not have been admitted at the habeas corpus hearing from which he has appealed. If the confession was admitted at the hearing on revocation, the supposed error in its admission could be presented to this court only upon an appeal from the final order in that proceeding.

The judgment of the trial court remanding appellant to custody is affirmed.