ELIZABETH GORMAN, *alias* BETTIE GORMAN, *alias* MRS. A. J. GORMAN V. STATE.

No. 30,051. November 12, 1958.

*Carter, Stiernberg, Skaggs & Koppel, (Claude Carter* of Counsel), Harlingen, for appellant.

*Jim S. Bates,* Criminal District Attorney, by *Oscar B. Mc-Innis,* Assistant District Attorney, Edinburg, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge, dissenting.

Sec. 4 of Art. 567b, Vernon's P.C., which is commonly called the hot check law, provides—among other things—the following:

"If it be shown upon a trial of a case involving a violation of this Act where the amount of the check, draft, or order is less than Fifty Dollars ($50), that the defendant has two (2) or more times before been convicted of the same offense, regard-less of the amount of the check, draft or order involved in the first two (2) convictions, upon the third or any subsequent conviction, the punishment shall be by confinement in the peni-

tentiary for not less than two (2) nor more than ten (10) years, and by a fine of not exceeding Five Thousand Dollars ($5,000)."

Under an indictment charging, in effect, that appellant on September 25, 1957, gave a worthless check for the sum of $5.00 to Henry L. Porsche and that prior thereto and on the 3rd day of July, 1957, and also on the 12th day of March, 1953, she had been convicted of like offenses, appellant was convicted in the district court on December 10, 1957, upon her plea of guilty. Punishment was assessed at four years' confinement in the penitentiary.

Sentence was duly passed upon appellant, fixing the period of confinement in the penitentiary at not less than two nor more than four years.

Execution of sentence was suspended, however, by the trial court, and appellant was placed upon probation.

Among the conditions of probation were that appellant would not violate the law of this or any other state or of the United States and that she would make restitution or reparation by paying to the district clerk the sum of $5.00 per week until the total sum of $126.20 had been paid.

It is interesting to note that the amount of the check as set out in the primary offense charged in the indictment and upon which this conviction necessarily rested was only $5.00. The restitution required could not have had reference to that check. There is nothing showing the amount of the checks upon which the two prior convictions were predicated. In the absence of any showing as to whom appellant owed the $126.20, it must be assumed that such amount represented a debt.

Approximately four months thereafter, the district attorney filed a motion to revoke the probation. As stated in the motion, the grounds for revocation were that appellant had failed to make the payments ordered and had also stolen an automobile.

After notice and hearing, the probation was revoked and sentence put into effect, the trial court finding that appellant had "violated the terms and conditions of the judgment by which she was placed on probation as stated in the State's application to revoke such probation."

From that order appellant has here appealed.

The evidence adduced upon the hearing is before us. No necessity exists to detail the evidence, it being deemed sufficient to say that the facts warranted the trial court's conclusion that appellant violated the terms of probation and that no abuse by the trial court of his discretion is shown.

Probation may be revoked upon a finding by the court, as a fact, that the terms of probation have been violated and it is not necessary that there be a trial and conviction for the offense which is the basis of the revocation. Dunn v. State, 159 Texas Cr. Rep. 520, 265 S.W. 2d 589; Ex parte Bruinsma, 164 Texas Cr. Rep. 358, 298 S.W. 2d 838.

It is the conclusion of a majority of this court that the judgment of the trial court revoking probation and putting the sentence into effect should be affirmed, and it is so ordered.

To that conclusion I do not and can not agree, and I therefor dissent:

I am committed to the proposition that where revocation depends upon a violation of the law proof of that violation must be established in a trial, in accordance with law. See my dissenting opinions in Felan v. State, 161 Texas Cr. Rep. 295, 276 S.W. 2d 825, and Gossett v. State, 162 Texas Cr. Rep. 52, 282 S.W. 2d 59.

One of the grounds of revocation being that appellant had stolen an automobile, proof of that fact should have been established by a trial in accordance with law. Such should not have been established at the hearing upon revocation, without indictment or trial.

I am also committed to the proposition that upon appeal from revocation the accused may attack the legality of the conviction.

The majority of this court hold to the contrary and say that the validity of the conviction can not be tested upon appeal from revocation of probation. Gossett v. State, supra, My views are set out in the dissenting opinion in that case.

The correctness of my views are proven by the record in this case, for, here, the judgment is void upon its face. Yet that judgment is affirmed.

I call attention to the following defects in the judgment here

shown: The punishment affixed is not authorized by the statute, being assessed at four years in the penitentiary. The statute says that there must also be a fine assessed in the event of a conviction. The punishment required is *both* a term in the penitentiary and a fine, not merely a term in the penitentiary *or* a fine.

The case of Busey v. State, 87 Texas Cr. Rep. 23, 218 S.W. 1048, is directly in point. There, in a trial for misdemeanor theft before the court, the punishment was assessed at a fine, only. It was pointed out that under the theft statute as it existed at that time (Art. 1341, P.C., 1916) the punishment affixed was both a fine and imprisonment in jail, or imprisonment in jail without a fine, and that punishment by fine, only, was not authorized to be inflicted. The conviction was reversed because of the illegal punishment assessed.

The judgment in this case is affirmed.

To this affirmance, I dissent.