WILLIAM GLENN V. STATE.

No. 30,859. October 7, 1959.

*Maddin & Copeland,* by *Gene Maddin,* Waco, for appellant.

*Burney Walker,* Criminal District Attorney, *Don Hall,* Assistant Criminal District Attorney, Waco, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted of the offense of felony theft, his punishment assessed at 4 years; and the execution of sentence was probated under the authority of Article 781d, Vernon's Annotated C.C.P.

The order granting probation to appellant provided that the same was granted:

"With the understanding that he work faithfully at employment as is possible for him to do, and that he report personally to the Probation Officer of McLennan County, Texas, to-wit: J. B. Brown, Jr. at least twice a month and give a full account of his conduct; that his conduct be subject to the supervision of said Probation Officer at any time; that any time the said defendant's conduct is not such that he warrants the confidence and esteem of law abiding citizens of the State of Texas, or he violates any provision of this probation, he shall forfeit his right under said probation and same will be set aside and defendant will be required to serve a sentence of 4 years confinement in the State Penitentiary in this cause for the said offense."

No other conditions were imposed by the court in granting probation.

Subsequent to entry of the order, motion was filed by the district attorney to revoke the probation alleging that appellant had violated the terms thereof in that he had been arrested and

charged with the offense of felony theft based upon the finding of four stolen automobile tires in his automobile and also upon statements of certain witnesses that appellant had requested them to lie in his behalf to establish an alibi for the offense.

After a hearing on the motion at which the evidence was conflicting, the trial judge entered his order revoking probation and imposed sentence upon appellant from which action this appeal is prosecuted.

From the record it appears that the appellant's probation was revoked under that provision of the order which provided "that any time the defendant's conduct is not such that he warrants the confidence and esteem of law abiding citizens of the State of Texas" he should forfeit his right to probation.

We have concluded that such provision is too indefinite and uncertain to be the basis for revoking appellant's probation. While it is highly admirable for one to so conduct himself as to warrant the confidence and esteem of all law-abiding citizens of this state a mandate to do so is neither definite nor certain as to the conduct required. Conduct which would warrant the confidence and esteem of some law-abiding citizens might not merit that of others.

The relationship existing between the court and one granted probation under the Adult Probation and Parole Law, Article 781d, supra, is contractual in nature in that the court agrees with the accused that clemency by way of probation will be extended if he will perform certain requirements and conditions, the violation of which will authorize revocation of the probation. Wilson v. State, 156 Texas Cr. Rep. 228, 240 S.W. 2d 774.

It is incumbent upon a trial judge to incorporate in his order granting probation the conditions upon which the accused is paroled so that the accused and the authorities may know with certainty what these conditions are. Ex Parte Pittman, 157 Texas Cr. Rep. 301, 248 S.W. 2d 159. The condition imposed by the court in the order granting probation to appellant upon which the revocation is predicated does not meet this requirement.

The judgment is reversed and the appellant is ordered discharged.

Opinion approved by the Court.