**James Logan MANNING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40109.**

Court of Criminal Appeals of Texas.

Feb. 15, 1967.

Rehearing Denied March 29, 1967.

Harold J. Fleming, Dallas, for appellant.

Henry Wade, Dist. Atty., James F. Law and James M. Williamson, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

This is an appeal from an order revoking probation.

Upon his plea of guilty before the court on September 8, 1965, appellant was found guilty of driving while intoxicated and his punishment was assessed at a fine of $100 and thirty days in jail.

Probation was granted the appellant for a period of one year from September 8, 1965. One of the nine conditions of his probation was that he commit no offense against the laws of this state.

The criminal district attorney filed a motion to revoke probation alleging that appellant had, on March 14, 1966, and during the period of his probation, violated a condition thereof in the following manner:

"The Defendant did then and there Drive a Motor Vehicle Upon a Public Road While Intoxicated in Dallas County, Texas."

Officer Henke, while testifying at the revocation hearing, identified the appellant as the person he saw driving an automobile upon a public street in Dallas on March 14, 1966. He testified that after the appellant had stopped his automobile he observed him walk, heard him talk, and smelled the odor of alcohol about him, and expressed the opinion that the appellant was then intoxicated.

Testifying in his own behalf, the appellant admitted drinking "two Manhattans" three or four hours before Officer Henke stopped him while he was driving his car, but he denied that he was intoxicated, and attributed his condition to working long

hours, and being tired and sleepy, and also, to taking some sleeping pills.

In the judgment and order revoking probation, the court set out the condition of probation that he commit no offense against the laws of this state, and then found:

"That thereafter, to-wit, on or about the 14th day of March, 1966, and within the period of such probation, Defendant violated the terms and conditions thereof in the following particulars, to-wit:

"Driving a Motor Vehicle Upon a Public Road While Intoxicated, as charged in the information."

It is concluded that the allegation in the state's motion that appellant drove a motor vehicle upon a public road while intoxicated in Dallas County comes within the meaning of the condition of his probation that he commit no offense against the laws of this state.

A proceeding to revoke probation is not a criminal trial. Tate v. State, Tex. Cr.App., 365 S.W.2d 789.

On appeal, the review of proceedings in a probation hearing will be limited to a determination of whether the trial judge abused his discretion in revoking the probation. Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d 589; Torres v. State, Tex.Cr. App., 403 S.W.2d 135.

The appellant urges that the trial court abused his discretion in revoking probation on the ground that the recitation in the show cause order that he was "arrested" constituted no violation of his probation. His arrest is not relied on in the state's motion or in the order of revocation as a condition for his probation.

Another ground urged is that the inclusion of the phrase "as charged in the information" in the order of revocation shown above reveals no violation of his conditions of probation and does not constitute a violation of the law. The phrase complained of is not essential in describing the offense, and as used does not vitiate the findings of the trial court.

As other grounds, the appellant contends that he did not violate any condition as set forth in the probation order, that the allegation in the motion to revoke that he drove a motor vehicle upon a public road while intoxicated in Dallas County, was not one of his conditions of probation, that he did not violate any law which could be used for revoking probation, and that the trial court abused his discretion in revoking his probation.

From a consideration of the record and the evidence, it is concluded that the trial court did not abuse his discretion in revoking the order granting the appellant probation.

The judgment is affirmed.