**Richard Norris SHELBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41738.**

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

---

872

John B. Patrick, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ted Hirtz, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an appeal from an order revoking probation.

On January 17, 1966, appellant plead guilty to the offense of rape in the 179th District Court; his punishment was adjudged at ten years confinement in the penitentiary, and the imposition of the sentence was suspended and appellant was placed on probation.

On October 27, 1967, in said court came on to be heard a motion to revoke probation, alleging that on June 19, 1967, appellant had committed the offense of burglary and misdemeanor theft. Appellant was represented at the hearing by court-appointed counsel.

Appellant contends the court abused its discretion in revoking probation in the following respects.

First, that the court failed to grant appellant's motion to continue the hearing until a final determination of the charges of burglary and theft had been made. This issue has been resolved adversely to appellant's contention in Smith v. State, 160 Tex.Cr.R. 438, 272 S.W.2d 104.

Second, that the court erred in "proceeding to trial on the charges of burglary and theft without granting appellant the right to a jury trial thereon, and, upon a finding of guilty, by assessing no punishment therefor". While the court heard evidence as to the commission of the burglary and theft and of appellant's guilt of such offenses, the proceedings were not a trial of appellant on charges of burglary and theft but merely a hearing to determine whether appellant's probation should be revoked. A proceeding to revoke probation is not a criminal trial. Manning v. State, Tex.Cr.App., 412 S.W.2d 656, and a probationer is not entitled to a jury trial at a hearing on a motion to revoke. Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d 589.

Third, that the court abused its discretion in revoking his probation because the evidence was insufficient to support the order revoking his probation. The evidence adduced at the hearing showed the commission of a burglary and a taking of about $50.00 in quarters and nickels, and that appellant was in possession of about

$50.00 in quarters and nickels the day after the burglary and theft occurred. Appellant's confession, found to have been voluntarily given after a hearing on the matter, was also introduced, and it corroborated the other evidence. The court did not abuse its discretion in ordering the revocation as there was sufficient evidence to support the order.

Finding no reversible error, the judgment of the trial court is affirmed.