**William R. LASATER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42881.**

Court of Criminal Appeals of Texas.

May 13, 1970.

"Now, from all of the facts and circumstances and some things you don't know, bless your hearts * * *."

Charles F. Baldwin, Fort Worth, for appellant.

Guy Hardin, Dist. Atty., Pampa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

This is an appeal from an order revoking probation.

On March 27, 1968, the appellant waived trial by jury and entered a plea of guilty before the court to an indictment charging him with the offense of possession of marihuana. The imposition of the sentence was suspended and the appellant was placed on probation subject to certain conditions and terms of probation.

Among those conditions are found the following:

"(a) Commit no offense against the laws of this State or any other State or the United States.

\*   \*   \*   \*   \*   \*

"(j) Consume no alcoholic beverages."

On April 9, 1969, the State filed a motion to revoke probation alleging that the appellant had violated his probation by (1) receiving and concealing stolen property and (2) possessing marihuana and (3) consuming alcoholic beverages.

The court after a hearing on May 19, 1969, revoked probation, finding the appellant had received and concealed stolen property and consumed alcoholic beverages in violation of probationary conditions. The court then imposed sentence.

The appellant contends the court abused its discretion in revoking his probation.

The record reflects that the Sheriff of Wheeler County and other law enforcement officers, armed with a search warrant authorizing them to search for stolen property and narcotics, went to the appellant's home. There they found the appellant, and observed a sandwich and a partially filled beer can near the television set.

The house also contained several cases of beer and a large number of empty beer cans. During the search the officers discovered in a padlocked storage shed several electric typewriters known to have been stolen.[1] Thereafter the appellant had a conversation with the Sheriff and then led the officers to a place in his yard where he dug up a plastic bag containing stolen jewelry. Car wheels, a stereo convertor and other stolen items were also recovered.

Testifying in his own behalf, appellant admitted he had consumed beer during his probationary period and that he had taken "a pill" prior to the search. He related that the typewriters had been brought to his house by three men, one of whom he knew had a prison record, who asked him to keep the typewriters and sell them if he could for $25 apiece. He claimed he did not know at the time that the typewriters were stolen, but when the three men returned with a coin collection and jewelry "it didn't take Sherlock Holmes to figure out what was happening then." The appellant admitted that he continued to conceal the typewriters and did not report the matter to the authorities.

The appellant also testified that after the typewriters had been recovered during the search the Sheriff, who was his probation officer, promised that his probation would not be revoked if he cooperated and that it was for this reason he led the officers to the burial site of the jewelry.[2] The Sheriff in his testimony confirmed the promise and stated that he took no action to revoke probation.

■ It is clear that the evidence was sufficient to authorize revocation and the court did not abuse its discretion in doing so.

It is appellant's contention, however, that it was unfair to revoke in light of the Sheriff's promise or grant of "immunity".

■ We first observe that the evidence uncovered prior to the promise would have been sufficient to sustain revocation. And, without deciding the question of a sheriff's right to act as a probation officer,[3] we further observe that neither a sheriff nor a probation officer has the authority to promise a probationer that probation will not be revoked. When the court extends clemency in the form of probation the relationship existing between the court and the probationer is in a way contractual, and it is the court and only the court which can decide whether probation is to be revoked. See Wilson v. State, 156 Tex.Cr.R. 228, 240 S.W.2d 774; Jones v. State, 159 Tex.Cr.R. 24, 261 S.W.2d 317; Glenn v. State, 168 Tex.Cr.R. 312, 327 S.W.2d 763.

■ The record reflects that the District Attorney on his own motion instituted the revocation proceedings and the court acted upon the same as it had a right to do.

■ The appellant further contends the court erred in admitting evidence of the discovery of stolen property since he had led the officers to such property and that his acts were tantamount to a confession for which he was given no warning. Even if it can be argued that such contention has merit, we observe that no objection on this ground was addressed to the introduction of such testimony. It appears that a motion to suppress was filed on the day of the revocation hearing but there is no showing that such motion was called to the trial court's attention. Further, such motion was not bottomed on the claim now

1. The evidence reflects that the typewriters had been taken in the burglary of a schoolhouse in Woodward, Oklahoma.

2. The record reflects that subsequent to the search the appellant recovered and turned over to the Sheriff one of the typewriters which he had disposed of in Amarillo, and that he cooperated with law enforcement officers in the apprehension of a man wanted in Oklahoma.

3. See Sections 10 and 31 of Article 42.12, Vernon's Ann.C.C.P.

advanced. Still further, the appellant took the witness stand and testified to the same facts he contends the court erred in admitting. See Parker v. State, Tex.Cr.App., 384 S.W.2d 712.

Finding no abuse of discretion, the judgment is affirmed.