**Horace Lee HOOD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43409.**

Court of Criminal Appeals of Texas.

Oct. 21, 1970.

Rhett M. Plank, Canyon, for appellant.

Tom Curtis, Dist. Atty., and Hugh Russell, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

On February 1, 1968, appellant was convicted of the offense of attempting to pass a forged instrument and the punishment assessed was two years, probated. On December 22, 1969, the State filed a motion to revoke the order granting probation. A hearing was had on said motion resulting in the revocation of appellant's probation. Appellant has prosecuted this appeal of the revocation order.

Among the conditions of the appellant's probation was that he commit no offense against the laws of this or any other state or of the United States. In its motion to revoke, the State alleged that on or about the 5th day of October, 1969, appellant did unlawfully carry on and about his person, a pistol. The evidence showed that appellant was seen outside a nightclub by a police officer and another witness. It appeared that appellant took a pistol from his pocket and handed it to his brother. The court concluded from the evidence that appellant did have the pistol in his possession.

Appellant contends that since he was not convicted of the offense alleged in the motion his probation could not be revoked. It is his contention that the trial court may not, without a jury trial, summarily find that probationer violated the terms of his probation.

■ It is well settled that a proceeding to revoke probation is not a "trial" as the term is used by the Constitution in reference to criminal cases, and hence appellant is not entitled to a jury trial therein. Wilson v. State, 156 Tex.Cr.R. 228, 240

S.W.2d 774; Jones v. State, 159 Tex.Cr. R. 24, 261 S.W.2d 317, cert. denied 346 U.S. 836, 74 S.Ct. 53, 98 L.Ed. 358; Manning v. State, Tex.Cr.App., 412 S.W.2d 656. Furthermore, where a motion to revoke probation is filed alleging that the defendant has committed an offense, he is not entitled to a jury trial on the issue of whether he is guilty of the offense alleged for revocation. Shelby v. State, Tex.Cr.App., 434 S.W.2d 871, and Jones v. State, supra.

From the evidence presented at the hearing, the court was authorized in revoking appellant's probation. See Gossett v. State, 162 Tex.Cr.R. 52, 282 S.W.2d 59.

There being no showing that the trial court abused its discretion, the judgment is affirmed.

ONION, Judge (concurring).

As I understand appellant's contention, it is that the trial court abused its discretion in revoking probation since the offense used as the basis of the revocation was one for which he had not been previously convicted in a court of competent jurisdiction. He insists that such alleged offense was a misdemeanor "properly triable in the County Court of Potter County, Texas" under Article 483, Vernon's Ann.P.C., where he would be entitled to a jury trial.

Where the motion to revoke probation is predicated upon the alleged violation of the condition of probation that defendant not commit any offense against the penal laws of this or any other state or the United States, the question often arises as to the propriety of the hearing on the motion to revoke until after the penal offense made the basis of the motion is tried and disposed of in a court of competent jurisdiction. This was a requirement of the Suspended Sentence Law (former Article 776–781, V.A.C.C.P., 1925) but not of the Adult Probation and Parole Law. In Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d ·589, the defendant was indicted for robbery by assault alleged to have been committed after he had been placed on probation conditioned that he not violate the penal laws of this state. On appeal following revocation the defendant challenged the right of the trial judge to hold the hearing to revoke until after the robbery case alleged as the basis of the revocation was tried. The appellate court found no abuse of discretion by the trial judge in refusing to continue the revocation of probation hearing until the indictment for robbery had reached trial, even though the indictment for robbery was dismissed the same day the order of revocation was entered. See Gorman v. State, 166 Tex. Cr.R. 633, 317 S.W.2d 744; Seymore v. Beto, 5 Cir., 383 F.2d 384. Cf. Smothermon v. State, Tex.Cr.App., 383 S.W.2d 929.

In Smith v. State, 160 Tex.Cr.R. 438, 272 S.W.2d 104, it was expressly held that the hearing on a motion to revoke probation prior to the time of the criminal charge, which involved the question of whether the defendant had violated the state criminal law, was regularly heard in proper tribunal did not constitute error.

In Ex parte Bruinsma, 164 Tex.Cr.R. 358, 298 S.W.2d 838, the Court of Criminal Appeals held that probation may be revoked upon a finding by the trial court as a fact that the terms of probation have been violated and it is not necessary that there first be a trial and conviction for the offense which is the basis for the revocation, citing the Dunn case, supra. These holdings are, based on the fact that the defendant does not go to the penitentiary for violation of probation, but because of his original conviction and because he failed to rehabilitate himself, in accordance with the conditions of probation. See Ex parte Gomez, Tex.Cr.App., 241 S.W.2d 153.

If it be appellant's contention, however, that he was entitled to a jury trial at the revocation hearing itself, the same is expressly precluded by the provisions of Article 42.12, Sec. 8, V.A.C.C.P.; Wilson v. State, 156 Tex.Cr.R. 228, 240 S.W.2d 774; Ex parte Gomez, supra; Jones v. State, 159 Tex.Cr.R. 24, 261 S.W.2d 317,

cert. den. 346 U.S. 836, 74 S.Ct. 53, 98 L.Ed. 358; Dunn v. State, supra; Cooke v. State, 164 Tex.Cr.R. 320, 299 S.W.2d 143; Gorman v. State, 166 Tex.Cr.R. 633, 317 S.W. 2d 744; Leija v. State, 167 Tex.Cr.R. 300, 320 S.W.2d 3; Stratmon v. State, 169 Tex.Cr.R. 188, 333 S.W.2d 135. I do not construe Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, reh. den. 390 U.S. 947, 88 S.Ct. 2270, 20 L.Ed.2d 1412, as calling for a different result as contended by the appellant.

When clemency is extended under the statute (Article 42.12, supra) *by the court,* the relationship is in a way contractual— that is, the court agrees with the defendant that probation will be extended if he will keep and perform certain requirements and conditions, the violation of which will authorize the revocation of probation. The accused surrenders no right or privilege or consideration for the clemency extended. Wilson v. State, supra; Jones v. State, supra; Glenn v. State, 168 Tex.Cr.R. 312, 327 S.W.2d 763. I therefore would find no merit to appellant's further contention that the trial judge was disqualified because he was the judge who had granted probation.

For the reasons stated, I concur in the result reached that the revocation of probation did not involve an abuse of discretion.