Paul **MUNOZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45831.

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

to rob. The jury assessed punishment at two years and recommended probation. Imposition of sentence was suspended and probation granted. One of the terms and conditions was that appellant commit no offense against the laws of this state or any other state or of the United States.

On June 28, 1971, a motion to revoke probation was filed alleging that appellant violated the aforementioned term and condition in that he did "on or about the 26th day of June, 1971, . . . unlawfully possess a narcotic drug, to-wit: marihuana."

On October 15, 1971, a hearing on the motion was held, after which the probation was revoked.

■ The first contention is that there was an abuse of discretion by the trial court by refusing a request for a jury at the revocation hearing. Such contention is without merit. This court has consistently held that a revocation hearing is not a criminal trial and that a probationer is not entitled to a jury at the hearing to revoke. See, e. g., Hood v. State, Tex.Cr. App., 458 S.W.2d 662; Hulsey v. State, Tex.Cr.App., 447 S.W.2d 165; Shelby v. State, Tex.Cr.App., 434 S.W.2d 871; Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d 589; Jones v. State, 159 Tex.Cr.R. 24, 261 S.W.2d 317; Wilson v. State, 156 Tex.Cr.R. 228, 240 S.W.2d 774.

James F. Eaton, San Angelo, for appellant.

Frank C. Dickey, Jr., Dist. Atty., and Aaron Goldberg, Asst. Dist. Atty., San Angelo, and Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

ODOM, Judge.

This appeal is from an order revoking probation.

On May 25, 1971, the appellant was convicted for the offense of assault with intent

Next, appellant contends that an abuse of discretion was shown by the "admission of evidence seized as the result of a search not incident to a lawful arrest or upon search warrant."

The evidence reflects that San Angelo Police Officers William Freeman and Robert Butler went to appellant's residence in answer to a disturbance call. When they arrived at the premises, the appellant's wife was in the front yard and reported difficulties she was having with the appellant and invited the officers to enter the house to see if appellant was still inside. They approached the house, accompanied by ap-

pellant's wife, and observed that: "the front window was broken out, there was glass all over the entire area there. . . . Officer Butler attempted to unlock it (the front door) from the inside, which the complainant, the lady present, told us he would have to do, and he reached inside and cut his arm on the broken glass." After they were inside the house, appellant's wife handed one of the officers a Prince Albert tobacco can containing marihuana. Thereafter, the appellant entered the room where they were and stated: "It's mine, she told you, didn't she?"

■ The evidence shows there was in fact no search conducted. The officers being where they had a right to be, we certainly cannot say that they should have refused to accept that which was voluntarily handed to them. Further, there is no contention that the substance was not marihuana nor that appellant did not have knowledge that it was. No error is shown by the admission of the evidence in question.

Finally, appellant contends that the "Trial Court's examination of witnesses and rehabilitation of identification of substance and container amounted to improper comment on the evidence."

■ The complaint goes to three questions propounded by the court to the officers concerning their identification of an exhibit (the Prince Albert can containing the marihuana). It is clear from this record that such inquiry was to clarify an issue and that the judge maintained an impartial attitude when addressing such questions. Such is permissible. See, e. g., Navarro v. State, Tex.Cr.App., 477 S.W.2d 291; Stewart v. State, Tex.Cr.App., 438 S. W.2d 560; 56 Tex.Jur.2d, Trial, Section 81, page 415. Also, there is an absence of objection to the trial judge's remarks. Hence, no error is shown. Dempsey v. State, Tex.Cr.App., 387 S.W.2d 891.

There being no abuse of discretion by the trial judge in this cause, the order revoking probation is affirmed.

It is so ordered.