June RHODES, Appellant,

v.

The STATE of Texas, Appellee.

No. 46403.

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

Rehearing Denied April 11, 1973.

Holt & Tatum, Nacogdoches, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

The appellant entered a plea of guilty to the felony offense of driving a motor vehicle upon a public highway while intoxicated. The punishment assessed was two years imprisonment. The imposition of sentence was suspended and the appellant was placed on probation.

On March 1, 1972, the court heard the State's motion to revoke probation and found that the appellant had violated the condition of his probation that he would commit no offense against the laws of this state in that he did on the 29th day of Jan-

uary, 1972, while under the influence of intoxicating liquor, drive and operate a motor vehicle upon a public road. An order revoking probation was entered and the appellant was sentenced.

The appellant urges that the trial court abused its discretion in revoking the appellant's probation because the motion for revocation of probation "is fundamentally void and defective for not concluding 'against the peace and dignity of the State' as required by law."

The appellant argues that the provisions of Article V, Section 12 of the Constitution, Vernon's Ann.St., of this State apply to a motion to revoke probation in which the commission of a criminal act is alleged as the violation of a condition of probation.

The pertinent part of Article V, Section 12 of the Constitution of this State upon which appellant relies, reads:

". . . All prosecutions shall be carried on in the name and by authority of the State of Texas, and shall conclude: 'Against the peace and dignity of the State.' "[1]

The Supreme Court of this State in Fariss v. Tipps, 463 S.W.2d 176 (Tex.Sup.Ct. 1971) has held that the requirement of a speedy trial in all "criminal prosecutions" provided by Article I, Sec. 10 of the Constitution of this State applies to revocation of probation proceedings.[2]

■ It has been the consistent holding of this court that the allegations in motions to revoke probation need to be specific enough to give the defendant notice of the alleged violation of the law contrary to the conditions of probation, but that such allegations need not be made with the same particularity as those required of an indictment. Jansson v. State, 473 S.W.2d 40 (Tex.Cr.App.1971); Kinard v. State, 477 S.W.2d 896 (Tex.Cr.App.1972) and Campbell v. State, 456 S.W.2d 918 (Tex.Cr. App.1970).

■ The hearing on the motion to revoke probation is not such a criminal prosecution as would entitle a defendant to a jury trial. Article 42.12, Sec. 8, Vernon's Ann.C.C.P.; Hood v. State, 458 S.W.2d 662 (Tex.Cr.App.1970); Wilson v. State, 156 Tex.Cr.R. 228, 240 S.W.2d 774 (1951); Jones v. State, 159 Tex.Cr.R. 24, 261 S.W. 2d 317 (1953); Manning v. State, 412 S. W.2d 656 (Tex.Cr.App.1967); Hulsey v. State, 447 S.W.2d 165 (Tex.Cr.App.1969); Malveaux v. State, 482 S.W.2d 872 (Tex. Cr.App.1972), and see Fariss v. Tipps, supra.

In Hulsey v. State, it was said:

"Revocation proceedings are not trials in the constitutional sense with reference to criminal cases. Wilson v. State, 156 Tex.Cr.R. 228, 240 S.W.2d 774; Ex parte Gomez, Tex.Cr.App., 241 S.W.2d 153; Jones v. State, 159 Tex.Cr.R. 24, 261 S.W.2d 317, cert. den. 346 U.S. 836, 74 S.Ct. 53, 98 L.Ed. 358; Cooke v. State, 164 Tex.Cr.R. 320, 299 S.W.2d 143; Gorman v. State, 166 Tex.Cr.R. 633, 317 S.W.2d 744; Leija v. State [167 Tex.Cr.R. 300], 320 S.W.2d 3; Stratmon v. State, 169 Tex.Cr.R. 188, 333 S.W.2d 135. And it has been held that the result of such a hearing to revoke is not a 'conviction' but a finding upon which the trial court might exercise its discretion by revoking or continuing probation. Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d 589; McDonald v. State, Tex.

1. Articles 21.02, subd. 8 and 21.21, subd. 8, V.A.C.C.P. also provide that an indictment and information must conclude "Against the peace and dignity of the State," and it has been held that where misdemeanors are prosecuted on complaint, the complaint must conclude "Against the peace and dignity of the

State." See Ex parte Jackson, 50 Tex. Cr.R. 324, 96 S.W. 924 (1906).

2. This holding was also grounded upon the provisions of the 6th Amendment as applied through the 14th Amendment to the Constitution of the United States.

Cr.App., 393 S.W.2d 914; Soliz v. State, 171 Tex.Cr.R. 376, 350 S.W.2d 566."

It appears the precise question presented here has not been considered before. The violation of the law alleged in the motion to revoke probation was alleged in order that the trial court might determine whether to exercise its discretion in revoking probation which had been granted the appellant after he had been convicted for an earlier offense. The appellant was not being *prosecuted* for the offense alleged as the basis for revocation and certainly the court's finding that probation should be revoked did not constitute a conviction for that offense. We therefore hold the constitutional provision relied upon does not require that the motion to revoke probation allege that the violation of the law was "against the peace and dignity of the State."

If the appellant has been or should be charged by indictment or information with the offense which was alleged for the purpose of revocation of probation, such indictment or information must conclude "against the peace and dignity of the State" as required by the constitutional and statutory provisions of this state.

There being no abuse of discretion, the order revoking probation and the judgment are affirmed.

Opinion approved by the Court.

ONION, P. J., concurs in the result.

ROBERTS, Judge (concurring).

I concur with the results reached by my brothers, but I do not feel that the extensive discussion of the issue is necessary. I would simply hold that the motion for revocation is not a "prosecution" for the offense alleged to show a violation of the condition of probation. A probationer is not entitled to a trial by jury. Harris v.

State, 486 S.W.2d 317 (Tex.Cr.App.1972). Likewise, the constitutional provision raised by appellant does not apply to the allegations of a motion to revoke probation.

ODOM, J., joins in this opinion.