**Sammy BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46401.**

Court of Criminal Appeals of Texas.

Feb. 14, 1973.

Rehearing Denied April 4, 1973.

Holt & Tatum, Nacogdoches, for appellant.

**898**

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This appeal is from an order revoking probation. Upon appellant's plea of guilty before the court on September 21, 1971, he was found guilty of assault with intent to rob. Punishment was assessed at five (5) years imprisonment. The imposition of sentence was suspended and probation was granted.

On March 1, 1972, the trial court heard the State's motion to revoke probation and found that appellant had violated the condition of his probation that he would commit no offense against the laws of this State, in that on or about November 20, 1971, he was intoxicated in a public place, and on the same date committed the offense of misdemeanor theft. The probation was revoked and appellant was duly sentenced.

Appellant's sole ground of error reads as follows:

"It is the contention of Appellant that the Trial Court has abused its discretion in revoking Appellant's probation because the Application for Revocation of Probation is fundamentally void and defective for not concluding 'against the peace and dignity of the State' as required by law."

The identical contention was decided adversely to appellant's claim by this Court in Rhodes v. State, 491 S.W.2d 895 (1973).

Appellant's ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.