**Louis VALDEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47910.**

Court of Criminal Appeals of Texas.

Dec. 12, 1973.

Rehearing Denied Jan. 16, 1974.

Thomas V. Priolo, Amarillo, for appellant.

Michael P. Metcalf, Dumas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

Appellant was convicted for the offense of rape on July 28, 1971. Punishment was assessed by the jury at five (5) years. Pursuant to the jury's recommendation the sentence was suspended and appellant was placed on probation.

On November 16, 1972, the State filed a motion to revoke probation alleging:

"The Defendant, Louis Valdez, has failed to make the following monthly probation supervision payments: July 1, 1972; August 1, 1972; September 1, 1972; November 1, 1972, in violation of Article 13 of the terms of the Defendant's probation.

"The defendant, Louis Valdez, has failed to make the following monthly reports to the office of his probation supervisor: August 1, 1972; September 1, 1972; October 1, 1972; and November 1, 1972, in violation of Article 6 of the terms of the Defendant's probation."

On December 1, 1972, the court, after a hearing, entered judgment revoking probation. Embodied in the order revoking probation are findings by the court that appellant failed to make probation payments on July 1, August 1, September 1, November 1, 1972; and that appellant failed to make monthly reports to the office of his probation supervisor on August 1, September 1, October 1, and November 1, 1972.

At the outset, appellant contends the court erred in failing to set out in the order of revocation the findings and conclusions upon which the court based its order revoking probation.

We need not consider the sufficiency of the court's findings since the record fails to reflect any request of the trial court for further findings or clarification. Marshall v. State, Tex.Cr.App., 466 S.W.2d 582. See Wilkinson v. State, Tex.Cr.App., 480 S.W.2d 730; Hulsey v. State, Tex.Cr. App., 447 S.W.2d 165.

Appellant's contentions that the Adult Probation Law of Texas, Article 42.12, Vernon's Ann.C.C.P., is unconstitutional have been decided adversely to his arguments. A hearing on a motion to revoke probation is not a criminal trial and probationer is not entitled to a jury. Hood v. State, Tex.Cr.App., 458 S.W.2d 662; Shelby v. State, Tex.Cr.App., 434 S.W.2d 871; Manning v. State, Tex.Cr.App., 412 S.W.2d 656. Settles v. State, Tex.Cr.App., 403 S.W.2d 417 is adverse to appellant's contention that appellant is subjected to be twice placed in jeopardy for the same crime.

The argument that appellant has not been convicted of a crime upon which to base a revocation of probation has been decided by this court contrary to appellant's contention "in cases too numerous to mention." Farmer v. State, Tex.Cr.App., 475 S.W.2d 753. Appellant's complaint that the probation laws of this State do not permit the right to bail is likewise without merit. Ex parte Jones, Tex.Cr.App., 460 S.W.2d 428.

Appellant contends that the evidence was insufficient to support the revocation of his probation.

After appellant was placed on probation, he moved to Amarillo and transfer of the supervision of appellant's probation was made to the Potter County Probation Office. Appellant, testifying in his own behalf, admitted that he knew he was supposed to report to the Potter County Probation Department and that he failed to report in August, September, October and November of 1972. Appellant stated that

car failure kept him from reporting. He further stated that he did not think of catching the city bus or taking a taxi to the place he was to report. In addition, appellant's testimony reflected that his brother took him to work and that "Teresa" could have taken him to report. The foregoing evidence is sufficient to support the court's finding that appellant did not report to his probation officer as required by the judgment of probation. See Barber v. State, Tex.Cr.App., 486 S.W.2d 352.

 Further, appellant, an unmarried man, admitted that his income during the time he had been on probation averaged between eighty and eighty-five dollars per week. The record reflects the following occurred on cross-examination of appellant regarding the payment of the probation fee:

"Q. And you could have made the $10.-00 a month?

"A. Yes, sir.

"Q. And, with no problem at all.

"A. Yes, sir.

"Q. But, you chose to even ignore to do that on a number of occasions, did you not?

"A. Let's see, October and this month."

With respect to other months in which it was shown that appellant had not paid the fee, appellant testified that he had receipts for the payment of same, but that the receipts were in his billfold which he lost.

The foregoing evidence reflects that appellant was able to pay the probation fee and that the State sustained its burden in proving that failure to pay was intentional. Cf. Gormany v. State, Tex.Cr.App., 486 S.W.2d 324; Cotton v. State, Tex.Cr.App., 472 S.W.2d 526; Hall v. State, Tex.Cr. App., 452 S.W.2d 490.

We conclude that the court did not abuse its discretion in revoking appellant's probation.

The judgment is affirmed.

Opinion approved by the Court.