Steve BARROW, Appellant,

v.

The STATE of Texas, Appellee.

No. 48009.

Court of Criminal Appeals of Texas.

Feb. 20, 1974.

Rehearing Denied March 13, 1974.

Sam Saleh, Lamesa, for appellant.

Joe Smith, Dist. Atty., Seminole, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation. The appellant was convicted after a guilty plea for the offense of burglary with intent to commit theft; punishment of imprisonment for five years was assessed. The imposition of the sentence was suspended and probation was granted on December 19, 1972. After hearing the State's motion to revoke probation the Court on June 13, 1973, revoked probation and on June 27, 1973, sentenced the appellant.

The appellant makes several contentions that the trial court abused its discretion in revoking probation.

■ The first contention is that the trial court erred in refusing to grant a jury trial on the revocation motion. We adhere to our prior holdings that a hearing on a motion to revoke probation is not a "criminal prosecution" as would entitle the accused to a jury trial. Article 42.12, Sec. 8, Vernon's Ann.C.C.P.; Jones v. State, 159 Tex.Cr.R. 24, 261 S.W.2d 317 (1953); Lynch v. State, 159 Tex.Cr.R. 267, 263 S.W.2d 158 (1953); Dunn v. State, 159 Tex.Cr.R. 520, 265 S.W.2d 589 (1954); Shelby v. State, 434 S.W.2d 871 (Tex.Cr. App.1968); Hulsey v. State, 447 S.W.2d 165 (Tex.Cr.App.1969); Gonzalez v. State, 456 S.W.2d 53 (Tex.Cr.App.1970); Hood v. State, 458 S.W.2d 662 (Tex.Cr.App. 1970); Rhodes v. State, 491 S.W.2d 895 (Tex.Cr.App.1973) and cases cited therein.

■ The appellant's second contention is that the State's motion to revoke probation only alleges that he was charged with the commission of a criminal offense and does not allege that he has violated the terms of probation by committing an offense. The allegation made in the motion is:

"Defendant was charged by complaint filed on April 20, 1973 charging that this Defendant did on or about the 15th day of April, 1973 willfully attempt to injure and destroy and did willfully injure and destroy certain property belonging to another, to-wit: one 4020 John Deere Tractor belonging to Melvin Harris of the value of fifty dollars or over without the consent of the said Melvin Harris the owner thereof."

When the Court called upon State's counsel to read the pleadings the appellant's counsel said: "We understand the allegations herein, Your Honor, and we waive the reading of it." The objection which the appellant now urges was made for the first time during the testimony of the second witness. The appellant's objection to the pleading was not timely.

In Kuenstler v. State, 486 S.W.2d 367 (Tex.Cr.App.1972) and Burkett v. State, 485 S.W.2d 578 (Tex.Cr.App.1972) where similar contentions were made reversal resulted but in those cases timely written motions were filed prior to trial pointing out the deficiencies in vague allegations of the motions to revoke. Here the objection to the pleadings came later than those made in Dempsey v. State, 496 S.W.2d 49 (Tex. Cr.App.1973) and Tone v. State, 505 S.W. 2d 300 (# 47,592, decided Nov. 15, 1973) which were held to be untimely by a majority of this Court.

■ Further, although the allegation should directly allege the commission of the offense we hold that the above quoted allegation is sufficient to give the appellant fair notice of an alleged unlawful offense committed in violation of the terms of probation. See Wilcox v. State, 477 S.W.2d 900 (Tex.Cr.App.1972) and Vance v. State, 478 S.W.2d 535 (Tex.Cr.App.1972). It is not so deficient as the pleadings condemned in Horman v. State, 423 S.W.2d 317 (Tex.Cr.App.1968) and Jansson v. State, 473 S.W.2d 40 (Tex.Cr.App.1971).

The third contention is that the evidence is insufficient to prove that the appellant committed an offense in violation of the conditions of his probation. The appellant along with Nickey Beatty and Norman Lasater were passengers in a car driven by Mrs. Lasater. The group was returning to Lamesa, having attended the races at Odessa Raceway Park in Penwell, Texas. Norman Lasater and Beatty had been drinking heavily the entire day while watching the races. Mrs. Lasater was driving in the nighttime and she, being unfamiliar with the area, took a wrong turn and the group finally found themselves on the way home between Stanton and Lamesa. Somewhere between the two towns, Mrs. Lasater turned off the road to allow her husband and Beatty to "go to the bathroom." She testified that the appellant also left the vehicle while it was stopped. After everyone had returned to the car and as she was turning the car around to get back onto the highway she saw a tractor moving in the distance. She saw no one on the tractor. Norman Lasater testified that he was drunk at the time but that he saw appellant go toward a tractor. He also remembered appellant showed him a key which looked "like a fork" when he got back into the car. Appellant told Lasater it was the key to the tractor. Lasater said the tractor was not moving before they stopped the car but was moving when they left. Beatty remembered nothing of the evening in question because he was very drunk. The appellant told Beatty two or three days later, however, that he, the appellant, had driven a tractor "on the night of the races," and that he had jumped off "just to see what it would do." None of the witnesses could identify the vehicle further than saying it was a tractor.

The owner of a 1968, 4020 John Deere tractor, Melvin Harris, testified that he lived just off Stanton Highway between Stanton and Lamesa. In the early morning following the night in question he found his tractor driverless moving in a circle in some pasture land about a mile from a field where his farmhand had left the tractor the day before. When the tractor was stopped the fork-like key was missing and the tractor had been damaged in an amount of over $2,000. We find the evidence sufficient to support the trial court's finding that:

> "From the evidence adduced at such hearing beyond a reasonable doubt that Appellant did in Dawson County, Texas, on the 15th day of April, 1973, willfully attempt to injure and destroy and did willfully injure and destroy certain property belonging to another, to-wit: One 4020 John Deere Tractor belonging to Melvin Harris of the value of Fifty Dollars or over without the consent of the said Melvin Harris, the owner thereof."

We overrule the appellant's contention that the trial court upon request failed to file written findings of fact and conclusions of law since they are contained in a supplemental transcript which has now been filed.

In a supplemental brief the appellant has raised contentions, all of which have been sufficiently answered except the contention that the Court erred in revoking probation "because there was no evidence introduced at the revocation hearing, and there is no finding by the trial court, that Steve Barrow, who was placed on probation for the offense of burglary, is one and the same person who was charged with the offense which was the basis of the revocation order."

No witness, such as a probation officer, testified that the Steve Barrow whose probation was revoked was the same person who was convicted and granted probation. The record shows that the Hon. George H. Hansard was the same judge who granted probation on December 19, 1972, and revoked probation on May 9, 1973. All of the papers in the file including the Court's docket sheet, Information and Judgment were introduced in evidence at the revocation hearing. The appellant appeared at

the revocation hearing and was represented by the attorney of the same name as his attorney when he was granted probation. The appellant appeared and plead "not guilty" to the allegations of the motion to revoke probation. The appellant did not make his identity an issue in the trial court and has raised it for the first time in a supplemental brief on appeal.

We hold this issue cannot be raised for the first time on appeal.

There being no abuse of discretion shown, the judgment is affirmed.

Opinion approved by the Court.