**Ex parte Royce Glen COKER.**

**No. 43403.**

Court of Criminal Appeals of Texas.

Oct. 21, 1970.

Adrian D. Speck, Dallas, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an application for writ of habeas corpus seeking bail.

The petitioner alleges that he was convicted in Criminal District Court No. 5 of Dallas County of indecent exposure and placed on probation for a term of three years subject to certain probationary conditions; that on August 4, 1970, he was arrested during the probationary period for driving while intoxicated and placed in the Dallas city jail; that Dallas city police refused to release him because of a "Hold For Probation Department of Dallas, Texas," despite the fact that he "did obtain from the County Criminal Court at Law, the Honorable Ben Ellis, its Writ

of Habeas Corpus and a bond was posted with the Sheriff's Department"; that on the date of the habeas corpus application to this court the State had filed no motion to revoke probation and the District Judge had refused upon request to grant bail. See Jones v. State, 159 Tex.Cr.R. 24, 261 S.W.2d 317. Cf. Article I, Sec. 11, Texas Constitution, Vernon's Ann.St.

The matter presented is not an appeal from a habeas corpus hearing in the District Court denying bail. While this court has original jurisdiction to issue writs of habeas corpus, matters concerning bail are normally presented on appeal from a habeas corpus proceeding in the trial court in which the evidence concerning bail has been fully developed.

Further, it has now been made to appear that a motion to revoke probation has been filed and that a hearing has been conducted thereon resulting in the revocation of probation on October 9, 1970, and that bail (apparently for the purpose of appeal) has been set by the District Court in the amount of $5,000.00.

Under these circumstances, the application for writ of habeas corpus should be dismissed.

It is so ordered.