**Lotis SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47020.**

Court of Criminal Appeals of Texas.

May 30, 1973.

George W. Harrison, San Angelo, for appellant.

Royal Hart, Dist. Atty., William J. Stroman, Asst. Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

On June 18, 1971, appellant pleaded guilty before the court to the offense of burglary. The punishment was assessed at four years, but the imposition of sentence was suspended and appellant was granted probation.

Among the conditions of probation was the requirement that appellant:

"(a) Commit no offense against the laws of this State or of any other State or of the United States."

The State filed a motion to revoke appellant's probation on August 25, 1972, alleging that appellant had violated condition (a) of his probation "in that on or about the 18th day of August, A.D., 1972, in the County of Tom Green and the State of Texas, the Defendant, Lotis Smith, did then and there unlawfully while intoxicated drive and operate a motor vehicle upon a public road there situate."

The only issue before this Court is whether the trial court abused its discretion in revoking probation. Cannon v. State, Tex.Cr.App., 479 S.W.2d 317; Barnes v. State, Tex.Cr.App., 467 S.W.2d 437; Manning v. State, Tex.Cr.App., 412 S.W.2d 656.

■ Appellant urges that the court erred by receiving into evidence the results of a breathalyzer test performed on him on August 18, 1972.

Officer Unger, of the San Angelo Police Department, testified that on August 18, 1972, he was dispatched to 14th and North Chadbourne to investigate an accident. Unger made the following observation of appellant upon arrival at the scene of the accident:

"At the time when I first arrived he was outside his car, and he was walking around, appeared to be intoxicated; he bumped into the car twice, and he appeared to be intoxicated when I first arrived at the scene. He was walking around the car and bumped in the side of the car twice I know; his feet were unsteady; his actions were jerky and irregular; he smelled highly of alcoholic beverage."

After Unger testified that he placed appellant in the patrol car and started for the Department of Public Safety, the record reflects the following testimony was elicited from the witness:

"Q. Did you form an opinion as to the defendant's physical condition before you took him to take the breathalyzer test?

"A. Yes, sir.

"Q. What is that opinion?

"A. He was intoxicated. At the time I arrived at the D.P.S. I had to wake him up. He already had gone to sleep or passd out one (sic) at the time we reached there." (the record reflects appellant was taken to a Department of Public Safety office in San Angelo)

Miss Wilma Davis identified appellant as the driver of the vehicle that collided with her automobile at an intersection on 14th Street on August 18, 1972. Miss Davis stated that appellant turned his vehicle directly in front of her without giving a signal.

Neither the testimony of Unger that appellant was intoxicated nor the testimony of Miss Davis that appellant was the driver of the vehicle which collided with her car at the time in question is controverted.

This evidence, alone, is sufficient to support the finding of the trial court entered after the revocation hearing on October 25, 1972.

■ It is therefore unnecessary to pass upon appellant's contention that the court erred in admitting into evidence the results of a breathalyzer test. If such evidence was inadmissible, it is presumed that the trial court, as the trier of the facts, disregarded the same.

■ There being no abuse of discretion shown in revoking probation, the judgment is affirmed.

Opinion approved by the Court.