William Hooker DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 48438.

Court of Criminal Appeals of Texas.

May 8, 1974.

O. Joseph Damiani, Houston, for appellant.

Carol S. Vance, Dist. Atty., James Brough, Ronald Woods, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from an order revoking probation. On June 2, 1971, appellant waived trial by jury and entered a plea of guilty before the court to the offense of possession of marijuana. The punishment was assessed at four years. The imposition of sentence was suspended and appellant was placed on probation.

On November 3, 1972, the State filed its third amended motion to revoke probation. Such motion alleged, among other things, that appellant violated his probation in that he committed the offense of driving while intoxicated on or about May 4, 1972. On December 18, 1972, a hearing was held on the State's third amended motion to revoke probation and the court found that appellant had violated his probation because he had committed the offense of driving while intoxicated on or about May 4, 1972. At such hearing appellant made a judicial confession and orally admitted that he drove while intoxicated on a public road in Harris County.

Appellant contends that the trial court abused his discretion in revoking probation solely on the ground that appellant had driven an automobile while intoxicated, because he contends that Article 42.12, Vernon's Ann.C.C.P., did not intend that the commission of a criminal act not involving moral turpitude be a ground for revocation of probation.

One of the terms of probation was that he "commit no offense against the laws of this State or of any other State or of the United States." Article 42.12, Section 6, V.A.C.C.P. The wording of the statute itself shows that it was not intended to be limited only to offenses involving moral turpitude. In Smith v. State, Tex.Cr.App., 494 S.W.2d 873, we upheld an order revoking probation where it was shown that the probationer had violated the terms of his probation by committing the offense of driving while intoxicated.

Appellant also contends that he is entitled to be resentenced under the provisions of the Controlled Substances Act. These contentions have previously been determined adversely to appellant in Ex parte Giles, Tex.Cr.App., 502 S.W.2d 774. See also State ex rel. Smith v. Blackwell, Tex.Cr.App., 500 S.W.2d 97, and Jones v. State, Tex.Cr.App., 502 S.W.2d 771.

No abuse of discretion has been shown. The judgment is affirmed.