**Freddie HOLMES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–81–0152–CR.**

Court of Appeals of Texas, Amarillo.

April 27, 1982.

Rehearing Denied June 17, 1982.

Ed Self, White, Self, Davenport & Bass, Plainview, for appellant.

Richard Moore, Dist. Atty., Plainview, for appellee.

Before REYNOLDS, C. J., and DODSON and COUNTISS, JJ.

DODSON, Justice.

The appellant, Freddie Holmes, was indicted for the offense of theft by check and, upon a plea of guilty to that offense, he was sentenced to three years confinement in the Texas Department of Corrections. The sentence was suspended, however, and the appellant was placed on probation for a period of three years. Later, upon the State's application to revoke probation, and after a hearing, the trial court revoked the appellant's probation and sentenced him to the original term of imprisonment. Appealing on two grounds of error, the appellant maintains that the trial court abused its discretion in revoking his probation because (1) it admitted evidence of an unauthenticated breathalyzer test, and (2) the probation violation had been excused by the probation officer. We affirm.

█ Among the terms and conditions of the appellant's probation was the requirement that he commit no offense against the laws of this State. The State alleged in its application to revoke probation that the appellant committed the offense of driving an automobile on a public highway while under the influence of intoxicating liquor, a violation of Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (Vernon Supp.1982).

In his first ground of error, the appellant complains that the trial court erred in admitting into evidence the results of his breathalyzer test "without such test result being first authenticated by a duly qualified chemist." The Department of Public Safety officer who arrested the appellant testified that when he approached the driver's side of the appellant's car, "the entire area breathed the odor of some type of alcohol," the appellant's speech was slow and drawn, his eyes were bloodshot and glassy, and he was unsteady when he got out of the car. In the officer's opinion, the appellant was intoxicated.

The DPS officer testified that he was certified to use a breathalyzer, that he properly administered the test to the appellant, that the result was 0.15 percent blood alcohol, and that the presumption level of intoxication in Texas is 0.10 percent. Another DPS officer, who actually transported the appellant to the police department where the breathalyzer test was administered, testified that the appellant had a strong odor of alcohol on his breath, his speech was slurred somewhat, and he appeared drunk.

The appellant relies upon *Cody v. State*, 548 S.W.2d 401, 404 (Tex.Cr.App.1977), in which a driving while intoxicated conviction was reversed where, as here, there was testimony that the officer was qualified to administer the breathalyzer test, but there was no testimony that properly compounded chemicals were used. It is unnecessary for us to consider such a contention in this case, however, since this is an appeal from a probation revocation. The testimony of the arresting officers is sufficient to support the trial court's finding, and if the breathalyzer evidence was inadmissible, we presume that the trial court, as the trier of fact, disregarded it. *Smith v. State*, 494 S.W.2d 873, 874 (Tex.Cr.App.1973). Ground of error one is overruled.

Next, the appellant contends that "[t]he trial court abused its discretion in revoking the probation of [the appellant] on the grounds that [the appellant] had committed an offense against the laws of the State: Driving while intoxicated on November 8, 1980, because such violation had been excused by the probation officer and such officer was estopped to assert such offense as a violation of the condition of [the appellant's] probation."

On 10 November 1980, probation officer Chuck McGaha filed an application to revoke the appellant's probation. The application alleged that the appellant had, on 8 November 1980, operated a motor vehicle upon a public highway while under the influence of intoxicating liquor. On 15 December 1980, McGaha filed a motion to dismiss the application to revoke probation

without prejudice. This motion was filed in part in order to gain the appellant admission to the State Mental Health Center in Vernon. McGaha testified that the Center does not accept anyone for alcoholic treatment who has a criminal charge against him. The motion to dismiss was granted without prejudice.

On 25 February 1981, after having completed his stay at Vernon, the appellant was in an establishment called the "Cowboy Country Club" where McGaha, engaging in a routine check for probationers, spotted him. On 5 March 1981, while conducting a similar check, McGaha came across the appellant at a club called "J.R.'s" with what appeared to be an alcoholic beverage in his possession. The following day, McGaha refiled the application to revoke the appellant's probation based on the driving while intoxicated charge of 8 November 1980. McGaha stated at trial that he would not have refiled that motion had he not discovered the appellant at the Cowboy Country Club and J.R.'s.

The appellant argues that the relationship between the court and the probationer is a contractual one and that contractual and equitable principles should be applied. "It is fundamentally unfair," the appellant states in his brief, "for [the appellant] to comply with the directions of the probation officer after a report of a violation, complete the treatment, and then later to be subject to a revocation of his probation on the same facts." He further asserts that the court should hold that, in this case, the probation officer and the State were estopped to assert the driving while intoxicated offense as a ground for revocation of probation. We disagree.

 In practical effect, the appellant's argument is strikingly similar to a plea of double jeopardy. In this connection, it is settled that the State is not precluded by double jeopardy principles from twice subjecting a probationer to revocation proceedings based upon the same alleged probationary violation and fact situation. *Leos v. State*, No. 07–81–0072–CR (Tex.App.— Amarillo, April 12, 1982, not yet reported);

and *Davenport v. State*, 574 S.W.2d 73, 74–75 (Tex.Cr.App.1978) (en banc). Furthermore, in *Lasater v. State*, 456 S.W.2d 104, 106 (Tex.Cr.App.1970), the court stated:

> ... we further observe that *neither* a sheriff nor a *probation officer has the authority to promise a probationer that probation will not be revoked.* When the court extends clemency in the form of probation the relationship existing between the court and the probationer is in a way contractual, *and it is the court and only the court which can decide whether probation is to be revoked.* [Emphasis added.]

 In the present case, we conclude that the trial court did not abuse its discretion merely because the probationary violation had been pleaded previously in an application subsequently dismissed without prejudice. The appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.