Richard Fulton BATISTE, Appellant,

v.

The STATE of Texas, Appellee.

No. 51163.

Court of Criminal Appeals of Texas.

Dec. 19, 1975.

Thomas M. Roberson, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Tyler Moore, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This appeal is from an order revoking probation.

On August 6, 1973, appellant waived a jury, plead guilty, and was convicted of unlawful possession of heroin. Punishment was assessed at ten years, probated. Condition (a) of the probation order was that "(a) Commit no offense against the laws of this state or any other state or of the United States."

On December 20, 1974, the State filed a Third Amended Motion to Revoke Probation, in which it alleged that appellant, on August 27, 1973, committed the offense of burglary of the house of Dan Singleton with the intent to commit theft. A hearing was conducted on said amended motion on January 13, 1975, at which the court, after hearing evidence, found that appellant had violated condition (a), supra, of this probation order, in that on August 27, 1973, he committed the offense of burglary as alleged in the State's motion. The court reduced the punishment to eight years,[1] revoked probation and sentenced appellant to a term of eight years.

The evidence supports the court's finding that appellant committed the burglary as alleged in the State's motion.

Appellant in his sole ground of error contends the court abused its discretion in revoking probation "in that there was no identification of the appellant as having been the same person who had received probation at an earlier date."

1. See Art. 42.12, Sec. 8, V.A.C.C.P., as amended by Acts 1973, 63rd Leg., effective June 14, 1973, providing: ". . . If probation is revoked, the court may proceed to dispose of the case as if there had been no probation, or if it determines that the best interests of society and the probationer would be served by a shorter term of imprisonment, reduce the term of imprisonment originally assessed to any term of imprisonment not less than the minimum prescribed for the offense of which the probationer was convicted."

 The judgment of conviction and probation had been rendered against Richard Fulton Batiste in Cause No. 191,855 in the 183rd District Court of Harris County by the same judge who conducted the revocation proceedings in the same cause number and court. At the beginning of the hearing, the following occurred:

"THE COURT: Bring out Richard Batiste alias Richard Brown. Have the defendant stand, please. You are Richard Fulton Batiste?

"THE DEFENDANT: Yes, sir.

"THE COURT: Are you one and the same person who in this court on August the 6th, 1973, was found guilty of the offense of possession of heroin and accorded adult probation in this court for a period of 10 years?

"THE DEFENDANT: Yes, sir.

"THE COURT: You are one and the same person?

"THE DEFENDANT: Yes, sir.

"THE COURT: Mr. Roberson standing with you is your attorney representing you in this case?

"THE DEFENDANT: Yes, sir.

"THE COURT: Mr. Roberson, are you the defendant's attorney?

"MR. ROBERSON: I am, Your Honor."

Additionally, a thumb print placed on the original of the probation order by the probationer when the probation officer explained same to him, as was the custom in the 183rd District Court, was identified as the thumb print of appellant at the hearing.

The record reflects that the identity of appellant as being the probationer in this cause was fully proved. *Hogan v. State*, 529 S.W.2d 515 (1975); *Barrow v. State*, 505 S.W.2d 808.

 Furthermore, appellant did not make his identity an issue in the trial court. This issue cannot be raised for the first time on appeal. *Hogan v. State*, supra; *Barrow v. State*, supra.

The trial court did not abuse his discretion in revoking appellant's probation.

The judgment is affirmed.

Opinion approved by the Court.