**Hugh F. RIERA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 350–83.**

Court of Criminal Appeals of Texas,
En Banc.

Jan. 18, 1984.

Scott E. Segall, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Allan Massis, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was placed on eight years probation after pleading guilty before the court to third degree felony theft. His probation was subsequently revoked upon proof of theft of services and consumption of alcohol in contravention of the terms of his probation. The trial court assessed punishment at eight years confinement. The El Paso Court of Appeals reversed the conviction in an unpublished opinion delivered March 9, 1983. We granted review to determine if the Court of Appeals erred in reversing appellant's conviction because there was no offer of proof that appellant was the same individual placed on probation as alleged in the State's Motion to Revoke inasmuch as such proof is "an essential element of a probation revocation."

No witness, such as a probation officer, testified that the Hugh Riera whose probation was revoked was the same person who was convicted and granted probation. The record reflects that the Hon. Woodrow Wilson Bean II was the same judge who granted probation on September 4, 1979, and revoked probation on February 18, 1982. The appellant was represented at the revocation hearing by the same attorney who had represented him when he was granted probation. The appellant appeared and pled "not guilty" to the allegations of the motion to revoke probation. At no time during the revocation proceeding did the appellant make his identity an issue. Appellant raised such issue for the first time on appeal.

In *Barrow v. State,* 505 S.W.2d 808 (Tex. Cr.App.1974), this Court held that an appellant who fails to make his identity an issue in the trial court during the probation revocation is precluded from raising the issue for the first time on appeal. See also *Hogan v. State,* 529 S.W.2d 515 (Tex.Cr.App. 1975); *Batiste v. State,* 530 S.W.2d 588 (Tex.Cr.App.1975); *Hillburn v. State,* 627 S.W.2d 546 (Tex.App.—Amarillo 1982).

In light of this Court's holding in *Barrow,* supra, the judgment is reversed and the cause remanded to the El Paso Court of Appeals for consideration of appellant's other grounds of error.

ODOM, J., not participating.