CR0-327 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-327-CR





CARL BARNES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF BELL COUNTY, 264th JUDICIAL DISTRICT



NO. 26,287, HONORABLE JOE CARROLL, JUDGE



 





PER CURIAM



 Carl Barnes appeals the revocation of his probation,
trial court cause number 26,287. In August 1985, appellant was
placed on shock probation for an offense committed in 1977,
possession of a controlled substance. He had been on probation for
that offense, had that probation revoked, and later was placed on
shock probation. Appellant's current probation was revoked based
on his conviction for possession of cocaine, trial court cause
number 39,270. The hearing on the motion to revoke probation
occurred at the same time as appellant's trial to the court on the
cocaine possession charge.

 Appellant brings four points of error: (1) the trial
court abused its discretion in revoking appellant's probation
because the State failed to prove that appellant was the person
previously placed on probation; (2) the evidence was insufficient
to prove appellant possessed cocaine; (3) the trial court erred in
admitting a set of scales found in appellant's automobile because
they were not relevant; and (4) the judgment of the trial court
needs to be reformed. We have discussed and overruled points two
and three in our opinion in cause 3-90-326-CR, decided June 19,
1991, and overrule these two points in this opinion for the same
reasons.


IDENTITY



 Appellant contends that the trial court erred in revoking
his probation because the State did not prove that he was the
person on probation. We hold that appellant has waived any
complaint because he did not complain in the trial court. 

 Both the possession charge and the revocation were dealt
within the same proceeding. The court first called cause 26,287,
the revocation of probation. The court stated that the defendant's 
name was Carl Barnes, and that the proceeding was one to revoke
probation. The court then asked if both sides were ready and said,
"This is the Defendant, Carl Barnes?" to which his counsel
responded, "Yes." The court then called cause 39,270, the
possession charge, and asked if this was the defendant on that
charge, Carl Barnes, to which the same answer was given.

 Later the court asked: "All right, Mr. Barnes, you
understand that a Motion to Revoke your probation has been filed?" 
To which appellant responded, "Yes your Honor." He then pleaded
"untrue" to the allegations in the State's motion to revoke. 

 Appellant never claimed to be anyone other than Carl
Barnes, the person whose probation was being revoked in one of the
two causes on trial. Appellant had several opportunities to object
that he was not Carl Barnes, or that he was Carl Barnes, but was
not on probation. Instead, both he and his counsel made
affirmative responses to inquiries addressed by name to Carl
Barnes. By not raising his identity as an issue at trial,
appellant has waived the issue. Riera v. State, 662 S.W.2d 606
(Tex. Cr. App. 1984); Barrow v. State, 505 S.W.2d 808 (Tex. Cr.
App. 1974) (appellant who appeared and pleaded not guilty to the
allegations of the motion to revoke probation and who did not make
his identity an issue at trial could not raise identity for the
first time on appeal). We overrule point one.


 REFORMATION OF JUDGMENT



 The State agrees with appellant that the judgment needs
to be reformed. The State's "First Amended Motion to Revoke
Probation" contained four paragraphs alleging a violation of two of
appellant's conditions of probation: condition one, that he not
commit any offenses and condition thirteen, that he pay a fine. 
The first three paragraphs of the State's motion alleged violations
of condition one by: (1) possession of cocaine; (2) public
intoxication; and, (3) resisting arrest. The fourth paragraph
alleged a violation of condition thirteen by failing to complete
payment on his fine. The State presented evidence only on paragraph
one. The statement of facts shows that the court found paragraph
one "true" and the other paragraphs "untrue." The court's judgment
and sentence read that appellant violated conditions one and
thirteen as alleged in the State's "First Amended Motion to Revoke
Probation." We sustain point four.

 The order revoking probation is reformed to reflect that
the revocation was based only on the State's first paragraph --violation of condition one by possession of cocaine. As reformed,
we affirm the order revoking probation.



[Before Justices Powers, Aboussie and Kidd]

Reformed, and as Reformed, Affirmed

Filed: July 3, 1991

[Do Not Publish]