NO. 07-04-0594-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 8, 2005

_____

TRACY BULL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 13993-0102; HONORABLE ED SELF, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Pursuant to a plea agreement, appellant Tracy Bull was convicted of felony theft and sentenced to two years confinement and $4,667.58 in restitution. The confinement was suspended in favor of five years of community supervision. After a hearing on the State's motion to revoke, the trial court revoked appellant's community supervision and assessed

the original term of confinement. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has diligently reviewed the record, and in his opinion, the record reflects no reversible error upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* response if he desired to do so. Appellant subsequently filed a *pro se* response. The State did not favor us with a brief.

The State filed its first motion to revoke appellant's community supervision in February 2003. Appellant pled true to the violations alleged, and the court elected to extend her community supervision by three years, ordering her to successfully complete a program at a restitution center and requiring her to perform community service at the rate of ten hours per month. In June 2004, the State filed a second motion to revoke appellant's community supervision claiming she (1) failed to report, (2) failed to maintain suitable

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

employment, (3) failed to advise her supervision officer of her place of residence and place of employment, (4) failed to pay restitution, fines, and court costs, and (5) failed to perform the required hours of community service. At the revocation hearing, appellant pled true to the violations alleged. The court immediately revoked the order of community supervision and imposed the original sentence of two years confinement. Appellant subsequently filed a notice of appeal.

By his *Anders* brief, counsel concedes several grounds that could arguably support an appeal. The first is whether the State established at the revocation hearing that the appellant was the same individual as reflected in the prior judgment and order of community supervision.

At a revocation hearing, the State must prove the identity of the probationer and that he or she violated the terms of her community supervision by a preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). Here, appellant pled true to the alleged violations and stipulated that she was the same person as the defendant named in the original judgment. Moreover, an appellant who fails to make her identity an issue at the revocation hearing is precluded from raising the issue for the first time on appeal. Riera v. State, 662 S.W.2d 606, 607 (Tex.Cr.App. 1984). Based on a review of the record, we find no reversible error.

Next, counsel questions whether appellant's indictment for theft was fundamentally defective because only one of the 43 counts listed in the indictment alleges that property was taken without the owner's consent.

In order to establish the offense of theft, the State must prove (1) appellant unlawfully appropriated property, and (2) appellant had the intent to deprive the owner of the property. Tex. Pen. Code Ann. § 31.03(a) (Vernon Supp. 2004-05). Section 31.03(b) provides that appropriation of property is unlawful if it is without the owner's effective consent. Although the State may be required to prove that appellant acted without the owner's consent, they need only allege that she appropriated property with intent to deprive the owner. Ex parte Porter, 827 S.W.2d 324, 326 (Tex.Cr.App. 1992). Failure to allege that the property was appropriated without the owner's effective consent does not render the indictment fundamentally defective. *Id.* at 326-27.

Counsel also reviews the sentence assessed by the trial court for constitutional error and abuse of discretion. By her *pro se* response, appellant contends the sentence was defective because she had been "doing real good," had a good job, and no longer lived with a fugitive from justice. We disagree.

Punishment for a state jail felony is confinement in a state jail facility for not less than 180 days and not more than two years and a fine not to exceed $10,000. Tex. Pen. Code Ann. § 12.35(a)-(b). Texas courts have traditionally held that as long as the punishment is within the range of punishment established by the Legislature in a valid statute, the

punishment assessed does not violate either the federal or Texas prohibitions against cruel and unusual punishment. *See* Jordan v. State, 495 S.W.2d 949, 952 (Tex.Cr.App. 1973); Rodriguez v. State, 917 S.W.2d 90, 92 (Tex.App.–Amarillo 1996, pet. ref'd). The trial court's assessment of a two-year sentence and restitution was within the range of punishment authorized by the Legislature. *See* Tex. Pen. Code Ann. § 12.35.

Furthermore, because appellant did not object to the legality of the sentence in the trial court, she may not raise her complaint for the first time on appeal. *See* Solis v. State, 945 S.W.2d 300, 301 (Tex.App.–Houston [1st Dist.] 1997, pet. ref'd).

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

5