NO. 07-04-0594-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 8, 2005



______________________________




TRACY BULL, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B 13993-0102; HONORABLE ED SELF, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

 Pursuant to a plea agreement, appellant Tracy Bull was convicted of felony theft and
sentenced to two years confinement and $4,667.58 in restitution. The confinement was
suspended in favor of five years of community supervision. After a hearing on the State's
motion to revoke, the trial court revoked appellant's community supervision and assessed
the original term of confinement. In presenting this appeal, counsel has filed an Anders (1)
brief in support of a motion to withdraw. We grant counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record, and in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.).
Thus, he concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d
807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling
authorities, there is no error in the court's judgment. Counsel has also shown that he sent
a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal
is without merit. In addition, counsel has demonstrated that he notified appellant of his right
to review the record and file a pro se response if he desired to do so. Appellant
subsequently filed a pro se response. The State did not favor us with a brief.

 The State filed its first motion to revoke appellant's community supervision in
February 2003. Appellant pled true to the violations alleged, and the court elected to
extend her community supervision by three years, ordering her to successfully complete 
a program at a restitution center and requiring her to perform community service at the rate
of ten hours per month. In June 2004, the State filed a second motion to revoke appellant's
community supervision claiming she (1) failed to report, (2) failed to maintain suitable
employment, (3) failed to advise her supervision officer of her place of residence and place
of employment, (4) failed to pay restitution, fines, and court costs, and (5) failed to perform
the required hours of community service. At the revocation hearing, appellant pled true to
the violations alleged. The court immediately revoked the order of community supervision
and imposed the original sentence of two years confinement. Appellant subsequently filed
a notice of appeal.

 By his Anders brief, counsel concedes several grounds that could arguably support
an appeal. The first is whether the State established at the revocation hearing that the
appellant was the same individual as reflected in the prior judgment and order of
community supervision.

 At a revocation hearing, the State must prove the identity of the probationer and that 
he or she violated the terms of her community supervision by a preponderance of the
evidence. Cobb v. State, 851 S.W.2d 871, 874 (Tex.Cr.App. 1993). Here, appellant pled
true to the alleged violations and stipulated that she was the same person as the defendant
named in the original judgment. Moreover, an appellant who fails to make her identity an
issue at the revocation hearing is precluded from raising the issue for the first time on
appeal. Riera v. State, 662 S.W.2d 606, 607 (Tex.Cr.App. 1984). Based on a review of
the record, we find no reversible error.

 Next, counsel questions whether appellant's indictment for theft was fundamentally
defective because only one of the 43 counts listed in the indictment alleges that property
was taken without the owner's consent.

 In order to establish the offense of theft, the State must prove (1) appellant
unlawfully appropriated property, and (2) appellant had the intent to deprive the owner of
the property. Tex. Pen. Code Ann. § 31.03(a) (Vernon Supp. 2004-05). Section 31.03(b)
provides that appropriation of property is unlawful if it is without the owner's effective
consent. Although the State may be required to prove that appellant acted without the
owner's consent, they need only allege that she appropriated property with intent to deprive
the owner. Ex parte Porter, 827 S.W.2d 324, 326 (Tex.Cr.App. 1992). Failure to allege
that the property was appropriated without the owner's effective consent does not render
the indictment fundamentally defective. Id. at 326-27.

 Counsel also reviews the sentence assessed by the trial court for constitutional error
and abuse of discretion. By her pro se response, appellant contends the sentence was
defective because she had been "doing real good," had a good job, and no longer lived with
a fugitive from justice. We disagree.

 Punishment for a state jail felony is confinement in a state jail facility for not less than
180 days and not more than two years and a fine not to exceed $10,000. Tex. Pen. Code
Ann. § 12.35(a)-(b). Texas courts have traditionally held that as long as the punishment
is within the range of punishment established by the Legislature in a valid statute, the
punishment assessed does not violate either the federal or Texas prohibitions against cruel
and unusual punishment. See Jordan v. State, 495 S.W.2d 949, 952 (Tex.Cr.App. 1973); 
Rodriguez v. State, 917 S.W.2d 90, 92 (Tex.App.-Amarillo 1996, pet. ref'd). The trial
court's assessment of a two-year sentence and restitution was within the range of
punishment authorized by the Legislature. See Tex. Pen. Code Ann. § 12.35. 

 Furthermore, because appellant did not object to the legality of the sentence in the
trial court, she may not raise her complaint for the first time on appeal. See Solis v. State,
945 S.W.2d 300, 301 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd). 

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support this appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that
the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed.

 Don H. Reavis

 Justice



Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).