**Opinion filed April 2, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00085-CR

_____

## KENNETH JOE MOORE, JR., Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR26278**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a proceeding to revoke appellant's community supervision. Kenneth Joe Moore, Jr. pleaded guilty to the offense of injury to a child on February 22, 2001. The trial court originally deferred the adjudication of guilt and placed him on community supervision. The trial court subsequently revoked appellant's community supervision, adjudicated his guilt, and placed him on regular community supervision. The trial court revoked appellant's community supervision on January 25, 2008. Appellant challenges the revocation order in a single issue. We affirm.

*Analysis*

Appellant alleges in his sole issue that the State failed to prove that he was the person that was previously convicted and placed on community supervision. The trial court heard the State's motion to revoke community supervision on December 5, 2007. The State argues that appellant waived the issue of identity by failing to raise the issue at the revocation hearing. We agree.

At a revocation hearing, the State must prove the identity of the probationer and that he or she violated the terms of community supervision by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). However, an appellant who fails to make his identity an issue at the revocation hearing is precluded from raising the issue for the first time on appeal. *Riera v. State*, 662 S.W.2d 606, 607 (Tex. Crim. App. 1984). Appellant did not make his identity an issue at the revocation hearing. Accordingly, appellant is precluded from raising the issue of identity for the first time on appeal. Moreover, appellant offered the following testimony at a subsequent punishment hearing that occurred on January 25, 2008: "You know, I want to -- I want to get better as a person, and I realize that I've done a crime. I realize I've violated my probation. I've thought a lot about that here the last -- last few days." Appellant's sole issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


April 2, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2