Opinion filed April 2, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 2,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00085-CR 

                                                     __________

 

                              KENNETH
JOE MOORE, JR., Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR26278

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

This
is an appeal from a proceeding to revoke appellant=s community supervision.  Kenneth Joe Moore,
Jr. pleaded guilty to the offense of injury to a child on February 22, 2001. 
The trial court originally deferred the adjudication of guilt and placed him on
community supervision.  The trial court subsequently revoked appellant=s community supervision,
adjudicated his guilt, and placed him on regular community supervision.  The
trial court revoked appellant=s
community supervision on January 25, 2008.  Appellant challenges the revocation
order in a single issue. We affirm.

                                                                        Analysis

Appellant
alleges in his sole issue that the State failed to prove that he was the person
that was previously convicted and placed on community supervision.  The trial
court heard the State=s
motion to revoke community supervision on December 5, 2007.  The State argues
that appellant waived the issue of identity by failing to raise the issue at
the revocation hearing.  We agree.

At
a revocation hearing, the State must prove the identity of the probationer and
that he or she violated the terms of community supervision by a preponderance
of the evidence. Cobb v. State, 851 S.W.2d 871, 874 (Tex. Crim. App.
1993).  However, an appellant who fails to make his identity an issue at the
revocation hearing is precluded from raising the issue for the first time on
appeal.  Riera v. State, 662 S.W.2d 606, 607 (Tex. Crim. App. 1984). 
Appellant did not make his identity an issue at the revocation hearing. 
Accordingly, appellant is precluded from raising the issue of identity for the
first time on appeal.  Moreover, appellant offered the following testimony at a
subsequent punishment hearing that occurred on January 25, 2008:  AYou know, I want to -- I
want to get better as a person, and I realize that I=ve done a crime.  I realize I=ve violated my probation. 
I=ve thought a lot
about that here the last -- last few days.@ 
Appellant=s sole issue
is overruled.

                                                               This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

 

April 2, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.