

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00148-CR

JOHN ROLAND GUZMAN                                             APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

Appellant John Roland Guzman appeals from the trial court's judgment adjudicating him guilty of robbery causing bodily injury. In two issues, Guzman challenges the sufficiency of the evidence to establish that he is the same person who was previously placed on community supervision in this cause. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

On July 11, 2008, Guzman pleaded guilty to robbery causing bodily injury. Pursuant to a plea-bargain agreement, the trial court deferred adjudicating Guzman's guilt and placed him on five years' deferred adjudication community supervision. On December 22, 2009, the State filed a petition to proceed to adjudication, alleging that Guzman had violated several terms and conditions of his community supervision. At a hearing on the State's petition on March 15, 2010, Guzman pleaded true to paragraphs 1, 2, 3, and 5 of the petition, and the trial court held the case in abeyance. On April 16, 2010, the trial court found the State's allegations true, adjudicated Guzman guilty of robbery causing bodily injury, and sentenced him to three years' confinement.

In his first issue, Guzman argues that "the evidence was legally insufficient" because "the State failed to prove by a preponderance of the evidence that [he] is the same person as the person reflected in the judgment and order of probation. . . . There was no testimony that appellant was the same John Roland Guzman that was put on probation in this cause."

We review an order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision.

*Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry*, 215 S.W.3d at 919. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Cherry*, 215 S.W.3d at 919. If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

At a revocation hearing, the State must prove the identity of the probationer by a preponderance of the evidence. *Cobb*, 851 S.W.2d at 874; *Moore v. State*, No. 11-08-00085-CR, 2009 WL 891013, at *1 (Tex. App.—Eastland Apr. 2, 2009, no pet.) (mem. op., not designated for publication); *see Newton v. State*, No. 07-08-00136-CR, 2008 WL 4901244, at *2 (Tex. App.—Amarillo Nov. 14, 2008, no pet.) (mem. op., not designated for publication). An appellant who fails to make his identity an issue at the revocation hearing is precluded from raising the issue for the first time on appeal. *Riera v. State*, 662 S.W.2d 606, 607 (Tex. Crim. App. 1984); *Batiste v. State*, 530 S.W.2d 588, 589 (Tex. Crim. App. 1975).

The record demonstrates that Guzman did not make his identity an issue at either the March 15, 2010 or April 16, 2010 hearings. Consequently, he is precluded from raising the issue of identity for the first time in this appeal. *See*

3

*Riera*, 662 S.W.2d at 607; *Batiste*, 530 S.W.2d at 589; *Moore*, 2009 WL 891013, at *1.

Notwithstanding that Guzman did not make his identity an issue at the hearings, the record demonstrates that the July 11, 2008 unadjudicated judgment placing Guzman on five years' deferred adjudication community supervision is identified as "CASE NO. 1102860D," and the State's petition to proceed to adjudication, to which Guzman pleaded true to paragraphs 1, 2, 3, and 5, identifies the cause as "1102860D." The following exchange occurred at the commencement of the March 15, 2010 hearing:

> THE COURT: Okay. This is Cause No. 11 - - you can just keep your seats - - 1102860, the State of Texas versus John Guzman. And you're John Guzman; is that correct?
>
> THE DEFENDANT: Yes, Your honor.

The following exchange occurred at the commencement of the April 16, 2010 hearing:

> THE COURT: This is Cause No. 1102860D, the State of Texas versus John Guzman. And you're John Guzman; is that not correct?
>
> THE DEFENDANT: Yes, Your Honor, it is.

We overrule Guzman's first issue.

While Guzman casts his second issue in terms of factual sufficiency, we note that, historically, factual sufficiency standards were not applicable to revocation procedures, *see Cherry*, 215 S.W.3d at 919, and that with *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at *8, *14 (Tex. Crim. App. Oct. 6,

4

2010), the court of criminal appeals eliminated the factual sufficiency standard of review for all criminal cases. We overrule Guzman's second issue.

Having overruled Guzman's two issues, we affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 21, 2010