**Affirmed and Majority and Concurring Memorandum Opinions filed September 24, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00569-CR

---

**PATRICK DEWAYNE SANDERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1331228**

---

## M A J O R I T Y   M E M O R A N D U M   O P I N I O N

After finding that appellant Patrick Dewayne Sanders violated the terms of his deferred adjudication community supervision by illegally evading arrest or detention in a motor vehicle, the trial court adjudicated him guilty of second-degree felony robbery and assessed his punishment at fifteen years' confinement. On appeal, appellant contends that the evidence is insufficient to show both that appellant is the same person as is reflected in the order of deferred adjudication community

supervision in this case, and that appellant violated the terms of community supervision by evading arrest. We affirm.

## Background

In February 2012, Patrick Dewayne Sanders pleaded guilty to robbery by threat in cause number 1331228 in the 209th District Court of Harris County. The trial court deferred a finding of guilt and placed him on community supervision for five years. The State moved to adjudicate guilt in November 2014, and a capias was issued for appellant's arrest.

Before a hearing occurred on the State's motion to adjudicate, this case and four others involving appellant were included in a series of administrative transfers resulting in assignment to the 185th Judicial District Court of Harris County, where appellant was represented by court-appointed counsel.[1] In that court, appellant filed a pro se motion under all five cause numbers seeking to represent himself. The judge, Honorable Mark Kent Ellis, held a *Faretta* hearing in July 2018, and the reporter's record is included in our record.[2] At the end of the hearing, appellant requested new counsel and withdrew his request to represent himself. The trial court appointed Damon Parrish to represent appellant in all five cause numbers, including the present case.

Subsequently, in March 2019, the State filed a supplemental motion to adjudicate guilt in cause number 1331228.[3] In its supplemental motion, the State alleged, as relevant here, that in May 2015 appellant violated the terms of his

---

[1] The cause numbers involved are 1331228, 1460191, 1468515, 1468516, and 1468517.

[2] *See Faretta v. California*, 422 U.S. 806, 835 (1975).

[3] In a felony case, as here, the State may amend a motion to revoke community supervision at any time before the seventh day before the date of the revocation hearing. Tex. Code Crim. Proc. art. 42A.751(f).

community supervision by committing the criminal offense of evading arrest or detention in a motor vehicle.

Judge Ellis held a hearing on the motion to adjudicate in June 2019.[4] Parrish represented appellant during the hearing. At the outset, the court stated that it was taking judicial notice of all the information contained in the clerk's file, which reflected that "Mr. Sanders entered a plea of guilty to robbery on the 23rd day of February in 2012," and "received five years deferred adjudication." The judge read to appellant the allegation that the State sought to prove in the motion to adjudicate guilt. Appellant pleaded "not true."

The State presented two witnesses. The first to testify was Romithea Stallworth, a Harris County Adult Probation officer. She explained that she is tasked with supervising individuals placed on deferred adjudication as part of her duties with the competency restoration docket; that she is the custodian of files for individuals placed on community supervision; and that appellant was "currently on deferred adjudication in the competency restoration docket" under cause number 1331228. Stallworth reviewed appellant's case file prior to testifying. She stated that appellant acknowledged the conditions of his community supervision when he signed a copy of the conditions and placed his thumbprint on the document. One condition of community supervision was "[n]ot to commit another offense against this state or any other state." At the State's request, the court took judicial notice of the probation file's contents.

---

[4] A trial court retains jurisdiction to proceed with an adjudication of guilt, regardless whether the period of deferred adjudication community supervision imposed on the defendant has expired, if before the supervision period's expiration, a motion to adjudicate is filed and a capias is issued for the defendant's arrest. *See* Tex. Code Crim. Proc. art. 42A.108(c) (previously codified at Tex. Code Crim. Proc. art. 42.12, § 21(e)). The record reflects that both these conditions occurred.

On cross-examination, Stallworth said that she was not familiar with appellant, but that she used "our software" to verify that the "Patrick Sanders" identified in the probation file is in fact appellant. She acknowledged nonetheless that she did not "compare any identifiers" from appellant with "what [her] software says" and that it was possible she could be testifying about a different "Patrick Sanders."

Houston Police Department ("HPD") Sergeant Darren Chippi testified that he was patrolling the Alief/Club Creek area of Houston in his "fully-marked" patrol vehicle around 1:30 a.m. on May 16, 2015, when he checked a license plate on a silver 2015 Dodge Charger. He received a response that the car had been reported stolen. When Sergeant Chippi pointed his spotlight at the car, it "took off at a high rate of speed." He then activated his overhead lights and siren and a chase ensued. The sergeant pursued the car through an apartment complex to a dead end, where the driver jumped out. Sergeant Chippi followed on foot, but briefly lost sight of the driver. Other HPD officers, who had responded to the sergeant's request for back-up, apprehended the driver and placed him in the back of a patrol car, where Sergeant Chippi saw him. Sergeant Chippi identified appellant in court as the person he chased and then saw in custody in the patrol car.

After hearing the evidence and argument of counsel, the trial court found that appellant had violated the conditions of his community supervision as alleged by the State. The court adjudicated appellant guilty of robbery and assessed punishment at fifteen years' confinement in the Texas Department of Criminal Justice, Institutional Division.

4

## Analysis

On appeal, appellant argues there is insufficient evidence that he is the same individual who signed conditions of community supervision in cause number 1331228 and insufficient evidence that he committed the offense of evading arrest.

### A.    Applicable Law and Standard of Review

The State must prove at a revocation hearing that the defendant is the same individual as is reflected in the judgment and order of community supervision, and that the individual violated a term of community supervision as alleged in the motion. *See Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). The State must meet its burden by a preponderance of the evidence. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013); *Lombardo v. State*, 524 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2017, no pet.). A preponderance of the evidence is shown if the greater weight of the credible evidence creates a reasonable belief that the defendant has violated a condition of probation. *Hacker*, 389 S.W.3d at 865. In a revocation proceeding, the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Id*.

We review the trial court's ruling for an abuse of discretion. *Id*. A trial court does not abuse its discretion in revoking community supervision if the evidence is sufficient to support any one of the violations alleged. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); *Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2002, no pet.). We consider the evidence in the light most favorable to the trial court's judgment. *Moore*, 11 S.W.3d at 498 (citing *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981)).

5

**B.      Appellant's Identity**

Appellant first contends that the State failed to show that he is the same Patrick Dewayne Sanders who was placed on deferred adjudication community supervision for robbery in cause number 1331228.  The State responds that appellant did not make his identity an issue in the trial court and thus cannot raise the issue on appeal.  The Court of Criminal Appeals has held that a defendant who fails to challenge his identity as the person placed on probation during a revocation hearing may not raise the issue for the first time on appeal.  *See Riera v. State*, 662 S.W.2d 606, 607 (Tex. Crim. App. 1984); *Barrow v. State*, 505 S.W.2d 808, 811 (Tex. Crim. App. 1974).

We disagree with the State's contention, however, because appellant's counsel raised the question of identity in both cross-examination of Stallworth and during closing argument, when counsel argued that a question existed whether "this Patrick Sanders is the same Patrick Sanders that was placed on probation."  Thus, we conclude that appellant challenged his identity in the trial court and, accordingly, may raise the argument here.  *See Kent v. State*, 809 S.W.2d 664, 666 (Tex. App.— Amarillo 1991, pet. ref'd); *see also Tillman v. State*, No. 14-98-00101-CR, 1999 WL 496985, at *1 (Tex. App.—Houston [14th Dist.] July 15, 1999, no pet.) (mem. op., not designated for publication).

We proceed then to consider whether the record sufficiently shows that appellant is the same individual as is reflected in the order of deferred adjudication signed on February 23, 2012 in cause number 1331228.  Several circumstances in our record bear on this question.  First, at the beginning of the revocation hearing, the trial judge called case number 1331228 and stated:

> I'm going to take judicial notice of all of the information contained in the clerk's file in said case, which reflects, among other things, that *Mr. Sanders entered a plea of guilty to robbery on the 23rd day of February*

*in 2012. At that time, he received five years deferred adjudication* and the State has filed a motion adjudicate his guilt. (Emphasis added).

Appellant did not object to the court's statement.

Appellant cites *Bradley v. State*, 564 S.W.2d 727, 730-31 (Tex. Crim. App. 1978) (en banc), for the proposition that "a statement in the record that judicial notice was being taken of certain unstated facts is not a sufficient presentation of the matter relied on by the State to meet its burden of proof." Here, however, the court stated it was taking judicial notice of the specific facts that appellant pleaded guilty to robbery on February 23, 2012 and received five years' deferred adjudication community supervision. In *Bradley*, moreover, the defendant objected to the trial court's decision to take judicial notice. *See id.* at 728-29. In contrast, appellant lodged no objection to the court's specific factual statement or the decision to take judicial notice, and he does not complain on appeal that the trial court improperly took judicial notice. Our record contains the order of deferred adjudication under cause number 1331228, dated February 23, 2012, reflecting that Patrick Dewayne Sanders pleaded guilty to robbery and was placed on five years' community supervision. *See Cobb*, 851 S.W.2d at 874.

Additionally, Stallworth, the probation officer who testified during the revocation hearing, said that she verified that the Patrick Sanders in her file was the same person appearing at the hearing by using "our software." One court considered similar evidence, together with other proof of identity, in rejecting an appellant's challenge to identity in an appeal from a judgment revoking community supervision and adjudicating guilt. *See Ford v. State*, No. 07-11-00207-CR, 2013 WL 2151748, at *4 (Tex. App.—Amarillo May 15, 2013, pet. ref'd) (mem. op., not designated for publication). Though Stallworth did not elaborate on what specific measures she took to verify appellant's identity, she was not asked to do so. She acknowledged it

was possible that the "Patrick Sanders" identified in her file might not be appellant and that she did not specifically compare an "identifier" of appellant against her "software."  But the record need only show appellant's identity by a preponderance of the evidence, and the State need not disprove all possibilities to the contrary.  The court, as factfinder, reasonably could have accepted Stallworth's testimony that she verified appellant's identity before the hearing and considered her testimony in conjunction with the judicially noticed facts that appellant pleaded guilty to robbery on February 23, 2012 and received five years' deferred adjudication community supervision.[5]

Considering all of the above facts and circumstances in the light most favorable to the judgment, and deferring to the court's role as factfinder, we cannot say the court abused its discretion in implicitly finding, by the greater weight of the credible evidence, that appellant is the same person who is identified on the 2012 order of deferred adjudication.[6]  Under these circumstances, we overrule the portion of appellant's issue challenging his identity as the person placed on deferred adjudication community supervision.

---

[5] As mentioned, Judge Ellis also presided over appellant's *Faretta* hearing in July 2018. In his brief, appellant cites the *Faretta* hearing and asserts that he understood the nature of the charges against him.  We have reviewed appellant's sworn statements during the *Faretta* hearing, and they support the facts judicially noticed by the trial court.

[6] We appreciate the concerns expressed by our concurring colleague regarding the probation officer's testimony, but our opinion should not be read to conclude or suggest, impliedly or otherwise, that the officer's use of "software" is alone sufficient to establish that appellant is the same person who pleaded guilty to robbery and was placed on deferred adjudication community supervision.  We note this testimony *in conjunction with* the judicially noticed facts independently establishing identity as sufficient to support the trial court's findings by a preponderance of the evidence.

## C.    Violation of Community Supervision Terms

Next, appellant contends the State failed to prove by a preponderance of the evidence that he intentionally used a motor vehicle to flee from a person he knew was a peace officer attempting to lawfully arrest or detain him.  *See* Tex. Penal Code § 38.04(a).  A person commits the offense of evading arrest or detention when he knows a police officer is attempting to arrest or detain him but refuses to yield to a show of authority.  *See Smith v. State*, 483 S.W.3d 648, 653-54 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (explaining that "'fleeing' is anything less than prompt compliance with an officer's direction to stop"); *Hobyl v. State*, 152 S.W.3d 624, 627 (Tex. App.—Houston [1st Dist.] 2004, pet. dism'd).

As detailed above, Sergeant Chippi received a report that the vehicle appellant was driving had been reported stolen.  When the sergeant pointed his patrol unit's spotlight at the vehicle, appellant drove away "at a high rate of speed."  Activating his patrol car's overhead lights and siren, Sergeant Chippi followed in pursuit.  Appellant did not yield to the sergeant's show of authority and instead drove onto the property of a nearby apartment complex.  When appellant reached a dead-end, he abandoned the car and fled on foot.  Sergeant Chippi later saw appellant in the back seat of a patrol car after other officers apprehended him.  Sergeant Chippi identified appellant in court as the person he chased and then saw in custody in the patrol car.

Viewing the above described evidence in the light most favorable to the trial court's judgment, the State carried its burden to demonstrate by a preponderance of the evidence that appellant committed the offense of evading arrest or detention: appellant continued driving after Sergeant Chippi activated his fully marked patrol vehicle's overhead lights and siren, a clear show of authority that appellant should stop.  *E.g., Hughes v. State*, 337 S.W.3d 297, 301 (Tex. App.—Texarkana 2011, no

9

pet.) ("Overhead emergency lights are synonymous with an instruction to stop."). Sufficient evidence supports the trial court's finding that appellant violated a condition of his community supervision, and the trial court therefore did not abuse its discretion in adjudicating appellant's guilt. *See, e.g.*, *Garcia*, 387 S.W.3d at 26 (proof of single violation sufficiently supports revocation of community supervision); *Moore*, 11 S.W.3d at 498, 501 (same).

We overrule appellant's sole issue. We affirm the trial court's judgment.

/s/ Kevin Jewell
Justice

Panel consists of Justices Christopher, Jewell, and Hassan (Hassan, J., concurring). Do Not Publish — Tex. R. App. P. 47.2(b).