

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00435-CR

_____

TERRENCE MONSTRES DANCER, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 3
Tarrant County, Texas
Trial Court No. 1718187

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Terrence Monstres Dancer appeals the trial court's Judgment Adjudicating Guilt. In his only point on appeal, Dancer argues that the trial court abused its discretion by revoking his probation based on insufficient evidence. Because Dancer's argument is at odds with binding authority of the Court of Criminal Appeals, we will affirm.

### II. BACKGROUND

#### A. Procedural History

In September 2023, pursuant to a plea agreement, Dancer pleaded guilty to one count of indecent assault, *see* Tex. Penal Code Ann. § 22.012(a), and was placed on deferred adjudication community supervision[1] for a period of twenty-four months. In May 2024, the State filed a Petition to Proceed to Adjudication, which it amended twice after Dancer got into a brawl—or, as he refers to it in his brief, a "melee"—with three sheriff's deputies at the probation office in June 2024. At the November 2024 hearing on the State's Second Amended Petition, the State waived all but three paragraphs of the petition and proceeded only on the allegations that Dancer had violated the condition of his probation that he "[c]ommit no offense against the laws

---

[1]We use the terms "probation" and "community supervision" interchangeably in this opinion. *See McCain v. State*, 582 S.W.3d 332, 336 n.2 (Tex. App.—Fort Worth 2018, no pet.) ("The terms 'community supervision' and 'probation' are synonymous.").

of this State" by committing the offense of resisting arrest, search, or transport and twice committing the offense of assault on a peace officer or judge.

## B. Evidence at the Hearing

Deputy Christopher Carmichael testified that on June 6, 2024, he and two other deputies entered an office where Dancer was meeting with his probation officer and told Dancer that they had a warrant for his arrest. Deputy Carmichael asked Dancer to put his hands behind his back, and Dancer refused and "said something to the effect that [they] were going to have to kill him." A violent skirmish ensued, during which Dancer struggled with the deputies, punched Deputy Carmichael in the face, and ripped another deputy's hair out of her head. Ultimately, the deputies were able to arrest Dancer and walk him to a holdover cell. Dancer's probation officer, who witnessed the skirmish, also testified at the hearing. Dancer did not call any witnesses.

## C. The Trial Court's Decision

At the conclusion of the hearing, the trial court found the three paragraphs that had not been waived true, adjudicated Dancer guilty of the offense of indecent assault, and sentenced him to one year in the county jail. Dancer filed a timely notice of appeal.

## III. DISCUSSION

### A. Standard of Review and Applicable Law

We review a trial court's decision to adjudicate guilt with the same standard that we use to review a trial court's decision to revoke community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42A.108(b). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated at least one of the terms and conditions of community supervision. *Bryant v. State*, 391 S.W.3d 86, 93 (Tex. Crim. App. 2012); *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). The trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). If the State fails to meet its burden of proof, then the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

### B. Analysis

Dancer does not argue that the testimony at the hearing was insufficient to prove, by a preponderance of the evidence, that he committed the offenses of resisting arrest and assault on a peace officer, as alleged in the State's Second Amended Petition. Rather, he argues that there was "no evidence offered . . . to show identity, that [he] was the same individual who plead[ed] guilty and was sentenced to probation, what the sentence was, the terms and length of the probation[,] and the

4

conditions of the probation." We will address his identity contention first and then review his remaining contentions.

### 1. Identity

The Court of Criminal Appeals has long held that an appellant who fails to make his identity an issue in the trial court during the probation revocation is precluded from raising the issue for the first time on appeal. *Riera v. State*, 662 S.W.2d 606, 607 (Tex. Crim. App. 1984); *Barrow v. State*, 505 S.W.2d 808, 810–11 (Tex. Crim. App. 1974). Having failed to make his identity an issue in the trial court, Dancer cannot raise this issue for the first time on appeal.

And Dancer had ample opportunity to make his identity an issue in the trial court. The trial court began the hearing by calling "Cause No. 1718187, styled the State of Texas versus Terrence Dancer." Both parties announced ready. The trial court addressed Dancer by name, stated that he had been "placed on probation . . . for the offense of indecent assault," and read the allegations on which the State was proceeding. Dancer pleaded "[n]ot true" to each paragraph. The trial court then asked, "Anything from the Defense before we proceed? Anything else?" Dancer's attorney responded, "No, Your Honor." Dancer's attorney also said nothing about identity in his closing argument.[2]

---

[2]We further note that both witnesses at the hearing identified Dancer in open court. But Dancer contends,

5

## 2. Length, Terms, and Conditions of Dancer's Probation

As to Dancer's remaining contentions, he acknowledges that "the clerk's file contained paperwork as to the conditions and probationary terms" but urges that the trial court "was never requested to take judicial notice of the probation or clerk['s] file nor the conditions of probation." He contends that "[i]tems in the clerk's file and allegation[s] in the motion to adjudicate are not proof at the hearing unless placed into evidence by the state via a witness or judicial notice," but that is not the law in probation revocation proceedings:

> Due to the continuing jurisdictional nature of a probation revocation hearing, formal proof of the judgment and order of probation is not required in a probation revocation hearing. For appellate purposes in a sufficiency of the evidence review those documents must appear in the record. Consequently, there is no need for the trial court to take judicial notice of these documents . . . .

*Cobb v. State*, 851 S.W.2d 871, 874–75 (Tex. Crim. App. 1993). Here, both the trial court's Order of Deferred Adjudication—dated September 27, 2023—and a copy of

---

> Although the prosecution had the probation officer testify that [Dancer] was the person in his office involved in the melee, he was never asked to identify him as the person who plead[ed] in open court nor the person on the specific probation alleged. . . . Nor was he asked to attest to whether [Dancer] was actually on probation, the length of the probation or the conditions of the probation.

This mischaracterizes the probation officer's testimony. Scott Schroeder, Dancer's probation officer, testified that he was "a court officer" in the trial court, that Dancer was placed on probation in the trial court, that Dancer was to report and meet with him on June 6, 2024, and that Dancer did come and check in for that appointment. He then identified Dancer in the courtroom as the same person who had met with him.

the conditions of Dancer's community supervision, also dated September 27, 2023, appear in the clerk's record. The first enumerated condition listed in the latter document states that Dancer was ordered to "[c]ommit no offense against the laws of [Texas] or of any other State or of the United States." Additionally, both documents reflect that Dancer was placed on deferred adjudication community supervision for a period of two years or twenty-four months. Because both documents appear in the record before us, we overrule Dancer's appellate point.[3] *See Cobb*, 851 S.W.2d at 875.

## IV. CONCLUSION

Having overruled Dancer's only appellate point, we affirm the trial court's Judgment Adjudicating Guilt.

---

[3]In support of his argument, Dancer relies on *Patterson v. State*, 700 S.W.3d 860 (Tex. App.—Dallas 2024, no pet.), but that case is distinguishable. The appellant in *Patterson* did not make the same contentions that Dancer makes in this appeal. *See id.* at 866–68. In *Patterson*, the trial court had adjudicated the appellant guilty based solely on its finding that the appellant had violated a condition of his community supervision by committing the offense of aggravated sexual assault of a child. *Id.* at 864–66. The only evidence supporting that allegation in the record was a judgment of conviction that had not become final. *Id.* at 874–75. Because "proof of a conviction, if it is not a final conviction, will not support an order revoking probation," our sister court in Dallas concluded that the State had failed to satisfy its burden of proof in the adjudication hearing and that the trial court had abused its discretion in adjudicating the appellant's guilt. *Id.* at 875 (quoting *Jansson v. State*, 473 S.W.2d 40, 42 (Tex. Crim. App. 1971)).

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 7, 2025